### JOHN M. GILDAY *vs.* JOSEPH R. WARREN.

Third Judicial District, Bridgeport, April Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Until consent to the transfer of a liquor license has been given by the county commissioners and the transferee has complied with the other requirements of § 3071 of the General Statutes, the license remains the property of the original licensee and is subject to attachment by his creditors.

[Argued April 22d—decided May 25th, 1897.]

ACTION of replevin to recover the possession of a liquor license, brought to the Court of Common Pleas in New Haven County and tried to the court, *Studley, J.,* upon the defendant's demurrer to the plaintiff's reply; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Edmund Zacher,* for the appellant (plaintiff).

*Isaac Wolfe,* for the appellee (defendant).

FENN, J. This is an action of replevin against a deputy sheriff, to recover possession of a liquor license. The facts as they appear upon the face of the pleadings, the complaint, answer and reply, are these : On January 31st, 1896, the county commissioners of New Haven county issued to one Thomas E. O'Brien of New Haven, a license to sell and exchange spirituous and intoxicating liquors in the town of New Haven, until December 31st, 1896. On June 18th, 1896, the plaintiff, for a valuable consideration, purchased of the said Thomas E. O'Brien said license and took the same into his possession. On June 19th, 1896, one Maurice Luby caused a writ of attachment to be issued against the estate of said Thomas E. O'Brien in a suit upon a note held by said Luby against said O'Brien, which said suit was returnable to the Court of Common Pleas for New Haven county on the first Monday of July, 1896. By virtue of said writ the defendant in this suit, being a deputy sheriff for New Haven county, attached as the property of said O'Brien, said license aforesaid, by leaving on said June 19th, 1896, a true and attested copy of the complaint, with his doings thereon indorsed, at the usual place of abode of said O'Brien, and a like true and attested copy with the town clerk of New Haven, as is by statute in such cases provided. On July 7th, 1896, the said Maurice Luby recovered judgment in the aforesaid suit against said O'Brien for the sum of $209.78, upon which execution was at once issued and given to said Warren, the defendant in this suit, to execute and return ; and by virtue of said execution the said Warren levied upon said license and took the same into his possession, and duly advertised it for sale upon execution, as by statute provided. On July 9th, 1896, the plaintiff in this suit took said license from the possession of said officer by virtue of this replevin. The pleadings terminated in a demurrer to the plaintiff's reply, which was sustained by the court below. Thereupon, the plaintiff refusing to plead over, the court found all the allegations of the defendant's answer to be true, and rendered judgment in favor of the defendant.

The plaintiff correctly says that though a number of rea-
sons of appeal are assigned, there is but one question pre-
sented to this court, namely: Did the court below err in
sustaining the defendant's demurrer, on the ground that it
did not appear in the pleading demurred to that at the time
of the attachment of said license the same had been trans-
ferred to the plaintiff, Gilday, with the consent of the county
commissioners (General Statutes, § 3071); and that there-
fore there did not appear to have been any legal transfer or
delivery of said license from O'Brien, to whom it was issued,
to the plaintiff, and so the title to the same was in O'Brien.
The statute in question is in these words: "Any licensee, or
in case of his death his executor or administrator, may, with
the consent of the county commissioners, transfer his license
to any other suitable person, but the person to whom such
license is to be transferred shall make a similar application,
procure a like recommendation, and execute a bond of the
same amount and character, as in section 3064, required of
the person to whom such license was originally granted."

Under this provision it is the claim of the plaintiff, that
the act of the licensee in selling and delivering the certificate
of the license to the purchaser, is sufficient to invest the latter
with title to said license against attaching creditors, without
any act on the part of the commissioners. The defendant,
on the contrary, contends that the plaintiff, in order to hold
said license against attaching creditors of the original licensee,
must show that before attachment the license had been trans-
ferred to him, with the consent of the county commissioners,
after compliance with the provisions of the aforesaid statute.

Since the law prohibits the sale of intoxicants without a
license, it follows that the granting of the license confers a
right which previous thereto did not exist. *State* v. *Gray*,
61 Conn. 46. This right is personal. It cannot be trans-
ferred except by virtue of the express provisions of the stat-
ute (§ 3071). If it is done by virtue of such enactment, it
must be done in strict compliance and accordance therewith.
The transfer must be with the consent of the county com-
missioners, and it must be to a suitable person; and upon

this the county commissioners decide in giving or withholding their consent.

But further, not only must the person be suitable and the consent of the county commissioners granted, but the proceedings must be in the prescribed form, embracing an application, a recommendation, and a bond, as required of the person to whom the license was originally granted. That all of these things are essential to the creation of the right in the transferee is evident, both from the very character of such right, and also from the language employed in the statute providing what shall be done, not by the person to whom the license *is*, but by the one to whom it *is to be*, transferred, making these acts, therefore, precedent conditions to any transfer of title or right.

The appellant suggests in opposition to the view above expressed, the language of Chap. 128 of the Public Acts of 1895, p. 509, providing for the attachment of liquor licenses, under the authority of which the attachment in this case was made. He urges that under that statute the sale of the license on execution and the consent of the county commissioners are not concurrently necessary to give *title*, but only in order to use the license, for which purpose it is expressly provided that compliance with certain requirements shall be necessary. He insists that there is here a distinction recognized between title to the license and the right to beneficially employ it. And he then urges that it could not have been the intention of the legislature to make one rule for the man who purchases a license at a sale on execution, and another for a man who purchases a license directly from the original licensee; and he concludes: "In both cases the title to the license is complete in the purchaser at the time of the sale, and the subsequent consent of the county commissioners, in either case, is not intended to confer *title*, but to permit the *use* of the license by the purchaser." But in answer to this, without undertaking to determine the validity of the claim made as to the Act of 1895, which is not now properly before us for consideration, we do not think the other provision,

General Statutes, § 3071, capable of such a construction as the appellant seeks to give it.

There is no error.

In this opinion the other judges concurred.