ROBERT J. TRACY vs. ALBERT A. GINZBERG, trustee.

Suffolk. September 6, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*License. Intoxicating Liquors. Equity Jurisdiction. Bankruptcy.*

In a suit in equity to compel the trustee in bankruptcy of the estate of a liquor dealer in the city of Boston to account to the plaintiff for money received from the alleged sale of the liquor license of the bankrupt, it appeared that the plaintiff had advanced the money to pay for the license, and, to secure the payment of this money, had taken from the liquor dealer an assignment of the license and had had his own name inserted in it as joint licensee. *Held*, that the license was a personal privilege not assignable by the bankrupt, that what was sold by the defendant was the recommendation by the defendant of an applicant for the license, which had a pecuniary value on account of a practice of the police commissioners although it gave no legal rights, and that in this recommendation which was the thing of value sold the plaintiff had no interest.

BILL IN EQUITY, filed April 11, 1904, praying that the defendant be ordered to account to the plaintiff for the sum of $3,000, received from one O'Hearn by the defendant as trustee in bankruptcy of the estates of Herman C. Long and Frank A. Sanderson, who under the firm name of Long and Sanderson carried on a hotel at No. 24 on Avery Street in Boston, as the proceeds of an alleged sale by the defendant to O'Hearn of two liquor licenses held by Long and Sanderson from the police commissioners of the city of Boston.

The case was heard by *Loring*, J., who ordered that the bill be dismissed, with costs to the defendant. The plaintiff appealed.

*T. J. Barry & H. J. Jaquith*, for the plaintiff.

*A. W. Putnam*, for the defendant.

KNOWLTON, C. J. The money which the plaintiff seeks to recover was received by the defendant as a trustee in bankruptcy, on account of a privilege which the board of police commissioners of Boston allowed to the bankrupts, as the holders of two liquor licenses which were in force at the commencement of the proceedings in bankruptcy. The plaintiff contends that he is entitled to the money as the assignee of the interest of the bankrupts in the licenses, and as a joint licensee with them, his

name being joined with theirs in the licenses, not because he was a partner in the business which they were conducting, but to furnish security for money that his principal had advanced to pay for the licenses.

A license to sell intoxicating liquor, under the R. L. c. 100, is a personal privilege, which may be valuable as property, in a certain sense, for the personal use of the holder, but which is not assignable or transferable by him in any way. The R. L. c. 100, § 20, provided for refunding a part of the money paid for a license, if the licensee died before the expiration of the year for which the license was granted, and this section was amended by the St. 1902, c. 171, giving authority to the licensing board to issue another license of the same kind for the remainder of the year, when the license is surrendered and cancelled before the expiration of its term. It was also further amended by the St. 1905, c. 206. In such a case the board may, in its discretion, give a certificate to the party who holds the first license, entitling him to have a part of the fee proportionate to the unexpired term of the license, returned by the treasurer of the city or town, from the fees thereafter received by him for licenses to sell intoxicating liquors. But the statute gives the holder of a license no right in reference to the granting of a future license after the expiration of the term for which he is licensed.

It appears from the evidence and the findings of the justice, in this case, that the police commissioners of Boston have been accustomed to recognize, to some extent, the position of a holder of a license who wishes to go out of business and to transfer the property used in the business, as entitling him to nominate as an applicant for a new license of the same kind, in the same place, a successor to his business, whose application will be considered and passed upon by the board. In like manner the board has been accustomed to consider an application for a license, made on a nomination by a bankrupt or by his trustee, if it is understood that everything received as a consideration for the nomination will be distributed *pro rata* among the creditors. But the board has never been accustomed to recognize, in any way, assignments of licenses as security, or otherwise than in connection with a nomination of a successor by one going out

of business. Because of this practice of the police commission-
ers, such a nomination in the city of Boston, under favorable
conditions, has come to be recognized there as having a sub-
stantial pecuniary value. Because money can be obtained for
it, although it gives one no legal rights, and is simply a recom-
mendation to the favorable consideration of the board, the court
of bankruptcy will compel a bankrupt to sign a release of his
license, so that the trustee may obtain what he can, for the pos-
sible succession, for the benefit of the creditors. *In re Fisher*,
98 Fed. Rep. 89. *Fisher* v. *Cushman*, 103 Fed. Rep. 860.
*Schaeffer Brewing Co.* v. *Moebs*, 187 Mass. 571. But the value
of the release is recognized as depending wholly upon the prac-
tice of the police commissioners, and because there is no legal
right to assign the privileges of such a license, and the police
commissioners refuse to be bound by assignments, or to recog-
nize at all assignments for security, the court has decided that a
holder of an assignment for security has no rights under the
assignment. *In re McArdle*, 126 Fed. Rep. 442.

The recognition by the police commissioners of a nomination
for appointment is necessarily subject to a variety of conditions,
which the law imposes upon them in the performance of their
official duties. When an application for a new license is made,
they must determine whether the interests of the public require
that a license should be granted for the sale of liquors in that
place for another year. This involves, to some extent, the ques-
tion how many licenses should be granted. By the statute the
number that may be granted is limited, but the board is not
required to grant the whole number that the law permits. In
any year, as the time comes for granting new licenses, the board
may determine that the interests of the public require a diminu-
tion of the number ; or they may determine that, if the number
remains the same, it is better that the business should be dis-
continued in a certain place and licensed in other places. If
they determine that the place, as compared with other places,
is suitable, they may find that the applicant is not a trustworthy
and fit person to be licensed. These, and perhaps other con-
siderations, illustrate the fact that neither the application of the
licensee for a renewal of his license at the expiration of the
year, nor his nomination of a successor as an applicant for a

license, if he wishes to go out of the business, has any binding force, or gives any legal right as against the licensing board. They must perform their duties as public officers, acting in the interest of the people.

In the present case the release or assignment of the licenses by the bankrupts to one who wished to obtain licenses for the next year, induced this assignee to pay the trustee in bankruptcy $3,000. The money so received was not for any property owned by the plaintiff. It was for a position before the police commissioners, from which the payor had reasonable ground to expect their favorable action. The plaintiff could not control this position, or do anything that would induce the payment by O'Hearn of the money which the defendant received.

Upon the facts shown, the board of police commissioners did not consider the insertion of the plaintiff's name in the original license as affecting their right to issue new licenses. It is plain that they were right as regards the licenses for the ensuing year. Whether they were right or not in regard to the plaintiff's relation to the old license is immaterial, for it is plain that the money received by the defendant was not paid on account of the plaintiff's interest, but on account of what the defendant did in enabling O'Hearn to obtain the new licenses.

*Decree affirmed.*