In re FLAHERTY.

(District Court, E. D. Virginia. February 11, 1911.)

BANKRUPTCY (§ 188*)—RETAIL LIQUOR LICENSE—ASSIGNMENT AS SECURITY—VALIDITY AS AGAINST TRUSTEE.

The Virginia Law (Laws 1910, c. 190) regulating the sale of intoxicating liquors provides that a license can only be granted to a qualified voter, and, if taken out by a corporation, the officer dispensing liquor must be a voter of the county or city where it is carried on. An application for the license must be made to the corporation court where it may be defended by any party in interest, and the court before granting it must find that the applicant is a fit person, that he will keep an orderly house and personally superintend the same, and that the place at which it is to be conducted is suitable. He is also required to give a bond to comply with the law. No licensee may hire his license or allow its use by any other person, firm, or corporation on pain of forfeiture, and any other person using such a license becomes subject to a penalty of $400. The license must be posted in the licensee's place of business, and a general provision declares that it shall confer on the licensee a personal privilege to transact the business which shall not be exercised by the licensee except as specially authorized by law. The license is made assignable to any person to whom it might have been originally granted, and, in the event of the licensee's death, may be assigned by his personal representative. An assignment shall not be valid without certificate of the court issuing the regular license, or without bond and oath of assignee. *Held*, that under such provisions a liquor license granted to a bankrupt could not be made the subject of a valid pledge to a brewery corporation which advanced nearly all of the license fee, taking the bankrupt's note with an attempted assignment of the license as security.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 188.*]

In the matter of bankruptcy proceedings by John F. Flaherty. On petition to review a Referee's order awarding the proceeds of a retail

liquor license to the trustee instead of claimant, the Hoster-Columbus Associated Breweries Company. Affirmed.

Allan D. Jones, for Hoster-Columbus Associated Breweries Co. and the bankrupt.

W. B. Colonna and J. Winston Read, for creditors.

L. A. McMurran, trustee, pro se.

ROSE, District Judge. This is a controversy between the Hoster-Columbus Associated Breweries Company and the trustee in bankruptcy. The former will be called the "Brewery." Each of the parties claims to be entitled to $650 realized by the trustee from a retail liquor license which on July 15, 1910, the date of the adjudication, stood in the name of the bankrupt.

The referee in a learned and well-considered report decides in favor of the trustee. I am asked to review his conclusions.

The license was issued by the corporation court of the city of Newport News, Va., on the 28th day of April, 1910. It covered the period from May 1, 1910, to April 30, 1911, both dates inclusive. The license fee prescribed by law was $1,000. This sum he paid. The agreement under which the Brewery claims to be entitled to the sum obtained by the trustee from this license was executed April 27, 1910. It recites a loan of $975 by the Brewery to the bankrupt, and the execution of a promissory note by the bankrupt to the Brewery for that sum. The note was by its terms payable in weekly installments of $25 each. The bankrupt agreed that while any part of the sum lent was unpaid not to buy without the written consent of the Brewery beer, porter, or ale from any one else. If the bankrupt disposed of his retail liquor license, then the sum remaining due on the note was at once to become due and payable. The agreement further provided:

"The said party of the second part has this day assigned and by these presents doth assign unto the said party of the first part, and its assigns, the license granted unto the said party of the second part by the * * * court of * * * as additional and collateral security for the faithful performance of this contract and payment of the aforesaid debt, subject, however, to the provisions of section 559 of the Code of Virginia. It is especially agreed that should default be made by the said party of the second part in the performance of this contract or in the payment of the aforesaid debt that the said party of the first part shall immediately and forthwith take possession of the said license, crediting the aforesaid debt with the pro rata value of the license at that date, and it is agreed and understood that any surplus shall be paid to the said party of the second part or his assigns."

The license in question was not issued by the corporation court until the day after the execution of the agreement. The evidence shows that the $975 mentioned in the agreement was borrowed and used by the bankrupt for the purpose of making, with the $25 furnished by him, the $1,000 required by law to be paid for the license.

Under the law of Virginia (Laws 1910, c. 190, § 8), no license to retail ardent spirits may be granted to any person who is not a qualified voter of the county or city in which the business is to be conducted. If a license is taken out by a corporation, the officer or agent of such corporation selling or dispensing ardent spirits must be a qualified voter of the county or city in which the business is carried on.

One who wants a liquor license makes an application to the commissioner of revenue and deposits with him the amount which the law fixes as the price of the license. The application is then referred to the corporation court.

Any person who thinks he will be aggrieved by the issuing of a license may have himself made a party defendant to the application. Section 10.

Before granting a license, the court must from the evidence be fully satisfied that the applicant is a fit person to conduct the business; that he will keep an orderly house and personally superintend the same; and that the place at which it is to be conducted is a suitable, convenient, and appropriate place for carrying on such business. He must give bond in the penalty of $500, conditioned to comply with all the requirements of the law.

In another section (section 12) the law provides that no licensee shall hire his license or allow the use of it by any other person, firm, or corporation. A licensee who violates this provision of law forfeits his license. The other person who uses the license becomes subject to a penalty of $400 for each offense.

The license is to be posted in the place at which the business is carried on under it. Section 18. By general provision of law applicable to all licenses in Virginia (Code 1904, § 558), it is provided that every license shall be held to confer a personal privilege to transact the business which may be the subject of the license and shall not be exercised except by the licensee, unless specially authorized by law to do so.

It is further provided, (Laws 1902-3-4, c. 356) that a license may be assigned to any person to whom it might have been originally granted. In the event of the death of the licensee, the license may bo assigned by his personal representative in like manner and with the like effect as might have been done by the licensee himself. If the license. was obtained or had its validity by reason of a certificate of any court, or of an oath or bond, the assignment shall not be valid without a like certificate in favor of the assignee, and a like oath or bond by the assignee as is required by the original grant. When assigned the law declares the license shall be a personal privilege to the assignee and shall not be exercised by any person other than the assignee unless otherwise authorized by law.

The policy of the state of Virginia is shown by the above-cited provisions of its statute law. It is well settled that whether a liquor license can be mortgaged depends upon the qualities imparted to it by the local law. Where it is a mere privilege and not a property right, it is incapable of being the subject of a chattel mortgage. Jones on Chattel Mortgages, § 114; 1 Woolen & Thornton on Intoxicating Liquors, § 424; Joyce on Intoxicating Liquors, § 228; 23 Cyc. 110; 17 Am. & Eng. Enc. 232.; Gilday v. Warren, 69 Conn. 237, 37 Atl. 494.

In New York and Texas persons standing in the position of the Brewery in this case have been held entitled to enforce their chattel mortgages or equitable assignments of liquor licenses. McNeeley v.

Welz, 166 N. Y. 124, 59 N. E. 697; Nicolini v. Langermann (Tex. Civ. App.) 104 S. W. 501.

The policy of these states with reference to such licenses as shown by their legislation appears to be so different from that of Virginia that the rules laid down in them are not here applicable.

It is contended on behalf of the Brewery that, if the trustee may realize money from an assignment of the license, the license must be such property as can be mortgaged or equitably assigned. The rules laid down in Fisher v. Cushman, 103 Fed. 860, 43 C. C. A. 381, 51 L. R. A. 292, are relied upon in support of this contention. The same argument was made in Re McArdle (D. C.) 126 Fed. 442. The case arose in the same state and in the same city as did Fisher v. Cushman. Judge Lowell pointed out that the local law there, declining on grounds of public policy and interest to recognize any right of a licensee to mortgage his license and any claim of the mortgage thereupon, a mortgagee has no rights which he can assert as against the bankrupt's trustee. The same principle of law is distinctly affirmed by the Supreme Judicial Court of Massachusetts in Tracy v. Ginzberg, 189 Mass. 260, 75 N. E. 637. The person claiming to be the equitable owner of the liquor license in the last-cited case appealed to the Supreme Court on the ground that he had been deprived of his property without due process of law. This contention the Supreme Court held inadmissible in Tracy v. Ginzberg, 205 U. S. 170, 27 Sup. Ct. 461, 51 L. Ed. 755.

The trustee in bankruptcy is entitled to the money realized from the bankrupt's liquor license.

The petition of the Brewery asserting its rights to the license or its proceeds must be dismissed, with costs.