# RICHARDS *v.* GEIGER.

Intoxicating Liquors; Excise Board; Parties; Intervention; Executors; License; Appeal.

1. The excise board of the District of Columbia has been charged by Congress with the general supervision and control of the sale of intoxicating liquors in the District, and is a proper party to intervene to obtain the vacation of an order made by the supreme court of the District, sitting as a probate court, authorizing and directing executors to continue a retail liquor business theretofore conducted by their testatrix after the board had rejected an application for the transfer of the license to one acting for the executors.

2. A license to sell intoxicating liquors is a mere permit, personal to the licensee, and is not transferable unless the right is expressly conferred by statute; and then only upon compliance with the provisions of the statute relating to the transfer.

.3. Where a licensee to sell intoxicating liquors has no right under the statute to transfer his license during his life, his legal representatives have no greater power to make such a transfer than he possessed.

.4. Exclusive jurisdiction over the granting of licenses to sell intoxicating liquors in the District of Columbia having been conferred by Congress upon the excise board of the District by the act of March 3, 1893 (27 Stat. at L. 563, chap. 204), the supreme court of the District sitting as a probate court is without jurisdiction to issue an order authorizing and directing executors to continue a retail liquor business theretofore operated by their testatrix, where an application on behalf of the executors for a transfer of the license under which the business had been conducted had been previously rejected by the board. (Citing *Bush* v. *District of Columbia*, 1 App. D. C. 1, and *Gassenheimer* v. *District of Columbia*, 6 App. D. C. 108).

.5. Where the probate court permitted the filing of an intervening petition seeking the vacation of a previous order made by it, considered the petition upon its merits and entered an order denying it, an appeal by the intervenors is properly taken from the order denying their petition and not from the previous order.

No. 2456.  Submitted October 14, 1912.  Decided November 11, 1912.

HEARING on appeal by intervenors from an order of the Supreme Court of the District of Columbia, sitting as a Probate Court, refusing the prayer of their intervening petition for the vacation of an order authorizing and directing the continuance of a retail liquor business.                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of the supreme court of the District, sitting as a probate court, refusing the prayer of the intervening petition of the complainants, William P. Richards, Matthew Trimble, Samuel T. Kalbfus, and Alexander McKenzie, constituting the Excise Board of the District of Columbia, appellants here, that the court vacate an order which it had

theretofore issued which "authorized and directed" the continuance of a retail liquor business.

From the petition and answer the following facts appear: A Mrs. Anna B. Geiger, at the time of her death on February 24, 1912, was the licensed proprietor of a barroom at No. 102 Indiana avenue, N. W., in this city. By her will, which was duly admitted to probate, she named as her executors her son, William F. Geiger, and Eugene Boisseau. Thereupon the son, by arrangement with the legatees and distributees of the estate, made application to the excise board of the District, the present complainants, for the transfer to him of the Anna B. Geiger license, but, failing to secure the consent to such transfer of a majority of property owners in the vicinity as required by law, the application was rejected. Thereupon, on May 9, 1912, said executors filed a petition in said probate proceeding, setting forth "that among the assets of said deceased is a going retail liquor business;" that "to make a sale of the said business at a fair price it is necessary to maintain and keep the same as a going concern;" and praying that they, the said executors, be authorized to continue said business as a going concern "until they may be able to sell and dispose of the same." Upon the same day an order was issued in said proceeding, concluding as follows: "And they (said executors) are hereby *authorized* and *directed* to continue the retail liquor business of said deceased in premises 102 Indiana avenue, Northwest, Washington, District Columbia, until they are able to make a sale thereof or until the further order of the court." Thereafter, the matter coming to the attention of the complainants, they, by permission of the court, filed an intervening petition in said proceeding, setting forth, in substance, the above facts and representing to the court that its said order "was improvidently passed and should be vacated, as said executors, under color of authority of said order, are now conducting an unlicensed barroom, and petitioners, as the excise board aforesaid, are vested by law with exclusive power in the matter of barroom licenses, which power cannot be exercised by this honorable court," and praying that said order be vacated. Rule to show cause was

issued and an answer filed, in which the executors, among other things, state that similar orders have been passed by the court in a large number of cases, "under which orders the said excise board permitted the administrator or executor, as the case was, to conduct the business of their said intestate or testator, and in some cases the business was conducted for two years until good purchasers for such establishment could be found." A hearing followed, with the above-noted result.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant Corporation Counsel, for the appellants.

*Mr. Leon Tobriner* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

The appellees have filed a motion for the dismissal of this appeal upon the ground that the excise board is not the proper party to intervene. The act of March 3, 1893 (27 Stat. at L. 563, chap. 204), "regulating the sale of intoxicating liquors in the District of Columbia," is very comprehensive in character. Its first section prohibits the sale, or keeping for sale, of intoxicating liquors, except as provided in the act. By the second section an excise board, consisting of the three commissioners of the District, is constituted. It is made the duty of this board to pass upon all applications for license under the act, and its action is made final and conclusive, "and only on the granting by said board of a license to an applicant to sell intoxicating liquors shall the assessor issue a license to such applicant." The section further empowers said board to "make such rules and regulations for carrying into effect this act as they may deem necessary and proper." The board is required to make an annual report to Congress, setting forth the number of applications for license, both favorably and unfavorably acted upon, *"the number of persons convicted for violations of that statute,* and the amount of fines collected and uncollected." The act of August 14, 1894 (28 Stat. at L. 285, chap. 287), constitutes the

board of assistant assessors, instead of the commissioners, the excise board, and repeals so much of the prior act "as imposes that duty upon the commissioners of the District of Columbia." By sec. 3 of said act of 1893 a clerk for the excise board is provided, and he is *ex officio* the inspector of licenses issued under the act; and it is made his duty "to make the inspection required by this act under the orders of the board, and make full report of such inspection to the board at such times as it may order." By sec. 4 every applicant for a license must, in his petition, comply with enumerated requirements. Under sec. 5 it is made the duty of the board to revoke any license upon the conviction of the licensee of keeping a disorderly or disreputable place. Under sec. 7 "no license can be transferred by the licensee to any other person except with the written consent of the excise board upon application thereto in writing, and then only on the proposed transferee's obtaining the consent of a majority of the real estate owners and resident housekeepers, as provided in section 5 of this act." Sec. 9 requires every person receiving a license to frame it under glass, and to give it a conspicuous position in his place of business. Sec. 10 requires all applicants for license, and persons holding licenses, to allow "the duly authorized agent or officer of the excise board full opportunity and every facility to examine, at any time during business hours, the premises." Sections 12 and 13 provide penalties and forfeitures. Under sec. 15, as amended by the act of May 11, 1894 (28 Stat. at L. 76, chap. 73), prosecutions for violations of the act are required to be on information filed in the police court by the attorney of the District, or his assistants, upon sworn information satisfactory to either.

In *Bush* v. *District of Columbia,* 1 App. D. C. 1, in both the prevailing and dissenting opinions, it is set forth that the above act was intended by Congress as a complete substitution for all other laws and regulations upon the subject. Again, in *Gassenheimer* v. *District of Columbia,* 6 App. D. C. 108, 113, the court observes that said act "purports in express terms to be, as we have already stated, a full and complete regulation of the whole subject-matter with which it deals."

It is contended in behalf of the excise board that under the provisions of said act it is clothed not only with authority over the issuance of licenses for the sale of intoxicating liquors within this jurisdiction, but also with the duty of general supervision over all places where intoxicating liquors are sold; that, in carrying out its conception of the scope of its authority and duties, it has, as authorized by one of the provisions of said sec. 2, from time to time made and promulgated rules and regulations for carrying into effect the provisions of the act; that under one of its rules an application for the transfer of a deceased licensee's license must be made within sixty days after the death of such licensee, and a copy of letters of administration must be filed with the application for transfer; that under another rule, upon the approval or rejection by the board of any application the clerk of the board is required to notify both the assessor of the District and the major of police. We have seen that the board must make an annual report to Congress, including, among other things, the number of persons convicted for violations of the act. Such a requirement, taken in connection with the various other provisions of the act, necessarily imposes upon the board more than the mere duty of considering applications for licenses. Taking the act as a whole, we think it apparent that the excise board is thereby charged with the general supervision and control of the sale of intoxicating liquors in this District, and that the provisions of sec. 15 regarding prosecutions for violations of the act merely provides the legal machinery through which the provisions of the act are to be enforced. When the court entered the order in question the board had already rejected an application for the transfer of the Geiger license. Presumably, through an inspection by its clerk, the board subsequently discovered that, notwithstanding such rejection, the business was being continued. Under its rules it then became the duty of the board to notify the major of police. He, of course, would hesitate to take any action in view of the order of the court. The attorney for the District, as well as the police court, would also be embarrassed if not precluded from action by said order. The order was therefore a

serious obstacle in the way of an enforcement of the law, and, if it was issued without authority, someone was charged with the duty of taking the proper steps to have it revoked. The statute imposes no duty upon the commissioners of the District with reference to the sale of intoxicating liquors. They are given no control over the excise board. Its duties are exclusive. In view, therefore, of the broad scope of the enumerated duties of the board and the apparent intent of Congress, gleaned from all its legislation upon the subject, to clothe the board with authority to represent the District in matters pertaining to the liquor traffic in this jurisdiction, we rule that it was properly permitted to intervene.

That a license to sell intoxicating liquors is personal to the holder, a mere permit, and not transferable unless the right is expressly conferred by statute, is plain, the decisions upon the question being uniform and conclusive. "There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the State or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils." *Crowley* v. *Christensen,* 137 U. S. 86, 34 L. ed. 620, 11 Sup. Ct. Rep. 13. A review of the several sections of said act of 1893 leaves no room for doubt that, instead of authorizing the transfer of a license as a matter of right, the act expressly negatives such a proposition. The provisions of sec. 4, as we have noted, require the petition of an applicant to comply with eight enumerated requirements, all of a personal character. Sec. 7 expressly prohibits the transfer by a licensee of his license, except upon compliance with the conditions therein contained, and even then the written consent of the excise board is necessary. In *Gilday* v. *Warren,* 6 Conn. 237, 37 Atl. 494, the court said: "The granting of the license confers a right which previous thereto did not exist. . . . This right is personal. It cannot be transferred except by virtue of the express provisions of the statute." The licensee having no right to transfer a license during his life, it of course logically follows

that his representatives at his death have no greater power to make such a transfer than he possessed. *United States* v. *Overton,* 2 Cranch, C. C. 42, Fed. Cas. No. 15,979; 1 Woollen & T. Intoxicating Liquors, 699; Black, Intoxicating Liquors, ¶ 131; *Re Grimm,* 181 Pa. 233, 37 Atl. 403.

When, therefore, the attempt of the representatives of Mrs. Geiger to effect a transfer of her license within the time permitted by the rules of the excise board failed, the sale of liquor thereafter by the executors was entirely without authority of law. The statute clothed the excise board with exclusive jurisdiction over the granting of licenses, and the court was without jurisdiction to issue the order authorizing and directing the appellees to continue to maintain a barroom, the license under which such business had theretofore been operated having expired.

But it is insisted that the appeal should have been from the order, and not from the ruling of the court declining to vacate it, and cases are cited. Counsel, we think, fail to note the distinction between an order entered in a probate proceeding, of which order the court retains control, and a final order. In the latter case, an application for a vacating order would, as counsel contend, be in the nature of an application for a new trial. Here, however, the court retained control over the order which the appellants sought to have vacated, permitted the intervening petition, considered it upon its merits, and denied it. The distinction between the two cases is so apparent that nothing further need be said.

Judgment reversed, with costs, and cause remanded for further proceedings.                                      *Reversed.*