CITY OF SARASOTA v. A. V. M. JOHNSON, *et vir.*
167 So. 361.

Division B.
Opinion Filed March 30, 1936.
Rehearing Denied April 23, 1936.

*Williams & Dart,* for Plaintiff in Error;

*John L. Early,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the defendant in error in a suit to enforce payment for certain municipal improvement certificates a part of the same series of certificates another part of which we had under consideration in the case of Bears v. Johnson, 117 Fla. 593, 158 Sou. 41. It was there held that these certificates were issued under Sec. 1906, *et seq.,* R. G. S., 3016, *et seq.,* C. G. L. We held that the certificates could be transferred by the City and that the bearer of such certificates could enforce payment. If the certificates are valid then the Municipality issuing the same becomes liable for the payment of transferred certificates, if same be not paid at maturity. This is so because Sec. 1906 R. G. S., 3016 C. G. L., provides in part as follows:

"The payment of such certificates and annual interest shall be guaranteed by the city or town, and in case of non-payment of any interest or principal at maturity by the property owner the same shall be redeemed by the city or town at the option of the holder thereof; but said redemption by the city or town shall not discharge the lien or the assessment against the property, and in case of non-payment of any interest or any installment upon any certificate issued under the provisions of this section, it shall be optional with the holder thereof to consider the whole of said sum ex-

pressed in said certificate as immediately due and payable
with interest to date."

The statute is as much a part of the contract as if its pro-
visions were written into the contract.

The only other point which appears necessary for us to
discuss here is that it is contended by plaintiff in error that
because the provisions of the city charter do not require in
terms notice of the assessment of liens to the property owner
that liens could not lawfully be laid against the property,
but, if laid, would be in violation of Sec. 12 of the Decla-
ration of Rights and the XIV Amendment to the United
States Constitution. To support this contention the plain-
tiff in error cited Redman v. Kyle, 76 Fla. 79, 80 Sou. 300,
and other like cases. The distinction between the legal
principles applicable in cases like that of Redman v. Kyle,
*supra,* and the instant case is that in Redman v. Kyle we
were dealing with a taxing authority that had no legislative
powers, and here we are dealing with a taxing authority that
has legislative powers. It, therefore, follows that when
dealing with taxing authority having no legislative powers
the Legislature itself must provide for the essential elements
required by the Constitution, while in dealing with a taxing
authority which possesses legislative powers the Legislature
may confer powers of taxation in general terms and that
taxing authority through its legislative body may provide
the details necessary to make the assessments in conformity
with the Constitution. That is what was done in the instant
case. The Legislature granted to the municipality the power
to make assessments for municipal improvements.

Ordinance No. 3 introduced in evidence provides for suf-
ficient notice to the property owner with the right and op-
portunity to be heard on the assessments before they be-
came final. That such provisions are adequate to meet the

constitutional requirements has been definitely determined in the case of Paulsen v. City of Portland, 149 U. S. 29, 37 Law Ed. 637, wherein the Supreme Court of the United States, speaking through Mr. Justice BREWER, said:

"In the subsequent case in the same court of King Real Estate Asso. v. Portland, decided Nov. 21, 1892, and reported in 23 Or., it was held that: 'The provision that such expense shall be assessed in the same manner as is provided in the case of street improvements, necessarily makes such sections, in regard to street improvements, with the exceptions noted, a part of Section 121, for that purpose.' In would seem from this that the final construction placed by the Supreme Court was to the effect that the charter requires notice as much in the matter of sewers as of street improvements.

"But were it otherwise, while not questioning that notice to the taxpayer in some form must be given before an assessment for the construction of a sewer can be sustained, as in any other demand upon the individual for a portion of his property, we do not think it essential to the validity of a section in the charter of a city granting power to construct sewers that there should in terms be expressed either the necessity for or the time or manner of notice. The city is a miniature state, the council is its legislature; the charter is its constitution; and it is enough if, in that, the power is granted in general terms, for when granted it must necessarily be exercised subject to all limitations imposed by constitutional provisions, and the power to prescribe the mode of its exercise, except as restricted, subject to the legislative discretion of the council. Thus, in the case of Gilmore v. Hentig, 33 Kan. 156, it was held that: 'Where a statute authorizes a city to provide for the construction of sewers and drains, and to tax the costs thereof upon the adjacent prop-

erty owners, but does not require that any notice shall be given to the property owners, *held* that such failure to require notice does not render the statute unconstitutional or void, but notice must nevertheless be given, and the city would have a broad discretion with reference to the kind of notice and the manner of giving the same."

Numerous cases are cited in support of the above enunciation.

With this state of the record before us, we hold that the legislative Acts, together with the city ordinance duly enacted, provide authority in harmony with the Constitutions, both Federal and State, for assessments such as that which is here under consideration.

We have considered the other points presented and find no reversible error disclosed by the record. Therefore, the judgment should be, and the same is now, affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.