52 So.2d 340 (1951)
HOUSE
v.
COTTON.
Supreme Court of Florida, en Banc.
April 24, 1951.
Rehearing Denied May 22, 1951.
Claude L. Gray, Orlando, for appellant.
Turnbull & Senterfitt, Orlando, for appellee.
PER CURIAM.
This case involves the question of the enforceability of a covenant by a lessee to re-assign to his lessor, upon the termination of the lease, a liquor license issued to the address of the premises covered by the lease.
It appears that a liquor establishment was leased by appellant to appellee's father, with a provision in the lease that "If this lease is not renewed, the lessee agrees to assign to the lessor the liquor license for the business operated in said building upon the payment of the unearned portion of the license paid." Appellee's father died prior to the expiration of the term of the lease, and the liquor business was carried on by appellee, having obtained a transfer of the license to his own name. Shortly before the expiration of the term of the lease, the appellant discovered that the appellee had applied to the State Beverage Department for a transfer of the liquor license to a new location, whereupon appellant filed this suit for a declaratory decree, specific performance of the covenant to assign the license, and an injunction against further proceeding with the application for the transfer or the liquor license to a new location. The lower court dismissed the bill, upon motion of the appellee, and this appeal followed.
This court has recently considered a case involving the right to specific performance of a covenant to re-assign a liquor license to the lessor. In Krasinski et ux. v. White et ux., Fla., 51 So.2d 197, opinion filed February 23, 1951, the facts were as follows: Krasinski was in possession of a restaurant and bar under a lease from White, wherein it was provided that, upon termination of the lease, the liquor *341 license (which had been previously issued to White and by him assigned to Krasinski) was to be re-assigned to White. Krasinski also purchased the fixtures and stock from White under a conditional bill of sale containing a similar provision. Krasinski terminated the lease and moved to a new location, obtaining from the appropriate authorities a transfer of the liquor license to the new location. White brought suit for specific performance of the agreement to transfer the liquor license, which was granted by the lower court. This court affirmed the final decree in a per curiam opinion, above referred to.
The facts in the instant case are sufficiently analogous to the facts in the Krasinski case to bring it under the rule therein followed, which is supported by reason and authority.
Even though a liquor license may have the character of a mere privilege insofar as governmental regulation of the alcoholic beverage industry is concerned, it must be recognized that in this state, as well as in many other states, due to the limitations respecting the number and location of liquor establishments and the conditions under which the license is issued, a liquor license has come to have the quality of property, with an actual pecuniary value far in excess of the license fees exacted by the state, county, and city. See 30 Am.Jur., Intoxicating Liquors, Section 140, page 329; Cordano's Appeal, 91 Conn. 718, 101 A. 85; Tracy v. Ginzberg, 189 Mass. 260, 75 N.E. 637, affirmed in 205 U.S. 170, 27 S.Ct. 461, 51 L.Ed. 755; Rowe v. Colpoys, 78 U.S.App.D.C. 75, 137 F.2d 249, 148 A.L.R. 488. Our statutes expressly recognize the transferability of a liquor license. Section 561.32, Florida Statutes, 1949, F.S.A.
We think that there was equity in appellant's bill, under the authority of Krasinski et ux. v. White et ux., supra, and the final decree of dismissal is, accordingly, reversed and the cause remanded.
Reversed and remanded.
SEBRING, C.J., and TERRELL, HOBSON and ROBERTS, JJ., concur.
CHAPMAN, THOMAS and ADAMS, JJ., dissent.
CHAPMAN, Justice (dissenting).
On February 21, 1947, R.L. House leased to Hugh M. Cotton described real property situated in Orange County, Florida, for a period of four years. The lessee Cotton, by the terms of the instrument, promised and agreed to pay a monthly rental on said real property to the lessor House in the sum of $250. In the two store rooms covered by said lease a bar and store room were operated by the lessee Cotton. The license to sell liquor was in the name of Hugh M. Cotton. Among the pertinent provisions of the lease is the following: "It is also expressly understood that the said premises shall not be underlet or rented without the lessor's written consent to the transfer of this lease or such underletting. On the expiration of this lease, the property is to be given up in as good order in all respects as it now is, reasonable wear and tear and damage from fire excepted. If this lease is not renewed, the lessee agrees to assign to the lessor the liquor license for the business operated in said building upon the payment of the unearned portion of the license paid."
The record discloses that Hugh M. Cotton died and his son, Hugh M. Cotton, Jr., was made representative of his father's estate and is now about to move the bar-room and the liquor license in the name of Hugh M. Cotton to another location but in the same vicinity but subject to the approval of both the Tax Collector of Orange County and the State Beverage Director. The point is made that the County and State officials, supra, will approve the transfer of the liquor license to the suggested location unless restrained by an appropriate court order.
Plaintiff-appellant lessor filed in the Circuit Court of Orange County, Florida, his bill of complaint under the provisions of Chapter 87, F.S.A., and attached thereto was a copy of the lease above referred to. The bill of complaint prayed for an interpretation of the aforesaid lease and the rights of the respective parties thereto. *342 A restraining order and other relief were sought by the prayer of the bill of complaint. Amendments were made to the original bill, when the Chancellor sustained a motion to dismiss on various grounds, and the original plaintiff appealed.
On this appeal counsel for appellant contends that a liquor license issued under the provisions of Chapter 561, F.S.A., may be made the subject of a valid and enforceable agreement to assign and transfer as was provided for by the parties hereto under the above quoted provisions of the lease. Section 561.15, F.S.A., provides that licenses to sell liquor shall issue only to persons of good moral character who have not been convicted of any offense involving moral turpitude and who are above 21 years of age. If to a corporation, then it shall be issued to corporations whose directors and officers are persons of good moral character and who have not been convicted of any offense involving moral turpitude. Section 561.16, F.S.A., enumerates the persons to whom a liquor license shall not be issued and, if erroneously issued, then the same may by the Beverage Director be revoked.
Section 561.17, F.S.A., outlines the method to observe and follow in obtaining a liquor license. The application shall state the character of the business to be engaged in, the address of the building where located, and the kind of license the applicant desires. The names and addresses of other persons directly or indirectly interested in the application shall be set forth in the application. Section 561.18, F.S.A., provides that the application shall be made to the Tax Collector and then the same shall be filed with the Director of the State Beverage Department. The Beverage Director, under Section 561.19, has the power to approve or disapprove the application. If the same is approved, then his endorsement of approval under Section 561.19 is entered on the application and by him forwarded to the Tax Collector of the county of origin.
Section 561.32, F.S.A., authorizes the transfer of a liquor license when the licensee has made a bona fide sale of the business which is so licensed and a transfer of the license to the purchaser may be obtained, provided the application of the purchaser is approved by the Director. The purchaser is required in the application for a license to comply with the provisions of Sections 561.18 and 561.19, supra. The Director is clothed with discretion in approving or disapproving the application of a transfer of the liquor license from the licensee to a purchaser thereof.
Section 561.33, F.S.A., provides that a licensee may move his place of business to a new place or change the location thereof by making application to the Tax Collector and thereafter obtain the consent and approval of the Director of the Beverage Department, as provided for in Sections 561.18 and 561.19, supra. It will be observed that a liquor license is a temporary permit or privilege to engage in the liquor business. The power to regulate or control the liquor business is for the Legislature of Florida. This power has by it been exercised as declared by the above cited statutes. These statutes, by operation of law, must be considered as integral parts of the license issued by the State Beverage Department. The cited provision of the lease was written when the above statutes were in force, and the parties are charged with the knowledge of their existence.
Counsel for appellant points out that a liquor license issued under the statutes of Florida is property and may become the subject of contracts similar to other property. Certain authorities are cited to sustain the view and with these I am in accord. If the covenant supra is breached and losses accrue to the appellant because of the breach, then the plaintiff-appellant has an adequate remedy at law. I would affirm the order of the lower Court.