77 So.2d 872 (1955)
Marshall KLINE and Paul Glasel, Petitioners,
v.
The STATE BEVERAGE DEPARTMENT OF FLORIDA, and J.D. Williamson, as Director of the State Beverage Department of the State of Florida, Respondents.
Supreme Court of Florida. Special Division A.
February 2, 1955.
Rehearing Denied February 23, 1955.
*873 J.B. Patterson, Fort Lauderdale, for petitioners.
Richard W. Ervin, Atty. Gen., John C. Reed and George Owens, Asst. Attys. Gen., for respondents.
TERRELL, Justice.
In November 1953 petitioner, Paul Glasel, applied for a license to sell liquor at 3902 South State Road 7, West Hollywood, Broward County, Florida, the said locality being outside a municipality. It is also described as 3109 West Broward Boulevard, known as Bar-Mar Package Store. The application was approved November 18, 1954, and the license was issued to Glasel. On January 4, 1955 the State Beverage Director entered an order revoking said license, without notice and an opportunity to be heard. The State Beverage Director took this action on the ground that at the time the application was approved and the license issued it was illegal for reasons that will be later discussed.
On January 5, 1955 the notice of revocation of said license was served on Glasel and on January 7, 1955 said notice of revocation was served on Marshall Kline, another petitioner. January 10, 1955 the Beverage Department found the store for which the license was issued still open and operating, despite the notices of revocation, whereupon it proceeded to confiscate the alcoholic beverages therein account of being operated without a license. January 11, 1955 plaintiffs filed an original and an amended complaint seeking (1) temporary injunction to restrain the Beverage Department from interfering with their liquor license, (2) a mandatory injunction requiring the Beverage Department to restore all alcoholic beverages confiscated to petitioner, Marshall Kline, and (3) at final hearing to set aside and annul the order cancelling petitioner's beverage license and for other relief. Notice was given and a hearing was conducted at 2 P.M. January 12, 1955. After argument and testimony the chancellor entered an order denying the application for temporary and mandatory injunction and set the cause for final hearing on the merits at 2 P.M. February 3, 1955. From said order we are confronted with an appeal by certiorari, and application for an extraordinary writ of injunction pending the disposition on appeal or certiorari. It was agreed by counsel that the matter be disposed of on the merits at this consideration.
The point for determination is whether or not under the facts presented by the pleadings the chancellor abused his discretion in overruling the application for temporary and mandatory injunction prior to final hearing on the merits. The chancellor did not rule on the validity of the order revoking petitioners' beverage license.
In support of their petition petitioners rely on House v. Cotton, Fla., 52 So.2d 340, and subsections (1), (3) and (4) of Section 561.29, F.S.A., requiring notice and an opportunity to be heard before revoking one's liquor license. It is admitted that notice of intention to cancel petitioners' liquor license was not given but respondents contend that the license in question was illegally issued in that (1) it was granted to conduct the sale of intoxicating liquors on a vacant lot and (2) at the time it was issued and at the time it was cancelled only one liquor license could under the law be held in Broward County to every 1500 people, and that this quota was exceeded at the time the license in question was issued, making it an illegal license in its inception. In this situation, says respondent, he was authorized under State ex rel. First Presbyterian Church v. Fuller, 133 Fla. 554, 182 So. 888, to peremptorily cancel petitioners' license without giving the notice required by the cited statute.
The last cited case involved a permit or license to conduct a liquor business in less than 300 feet of a church or school which was prohibited by law. There are *874 statements in the opinion that support respondents' contention. In fact, the opinion holds that where a liquor license was issued in violation of such a legal ban the licensees were not "entitled to hearing before revocation of licenses." The opinion does not mention the question of "notice" but this was an early case (1938) on the point. Since the last cited case was decided different aspects of the question have been before us in House v. Cotton, supra; Holloway v. Schott, Fla., 64 So.2d 680; Little Man's Club v. Schott, Fla., 60 So.2d 624; Schott v. Brooks, Fla., 56 So.2d 456, and perhaps others. Whether or not a liquor license is property, the cases are confusing and in conflict, but from the last cited cases it appears to be settled in this State that account of its peculiar character, the conditions that inhere in and actuate its issuance, a "liquor license has come to have the quality of property, with an actual pecuniary value far in excess of the license fees exacted by the State, County or City."
From the latest expressions of this Court we are driven to the conclusion that the better rule in this State is that before revoking one's liquor license the holder is entitled to notice and an opportunity to be heard, together with a statement of the reasons for the revocation. Such procedure is more in accord with due process and is more in keeping with approved democratic procedure. After all, only those of approved character and integrity can engage in the liquor business and since his permit to do so must be approved by the State Beverage Department, after he is duly licensed to do so he should not be shot on the ground before giving him a chance to rebut the charge against him, account of his labor and investment. See also F.S. Section 561.29, F.S.A.; In re Carter, 85 U.S.App.D.C. 229, 177 F.2d 75; Hecht v. Monaghan, 307 N.Y. 461, 121 N.E.2d 421; City of Sarasota v. Johnson, 123 Fla. 501, 167 So. 361.
In this case the complaint as amended alleges that Marshall Kline operated the liquor store in question by agreement with Paul Glasel, that Kline stepped in the shoes of Glasel and assumed his obligations, that the beverage license in question was assigned to Kline by Glasel for value and in good faith, that the action of respondent has put Kline out of business though the license was issued to Glasel and no mention is made of Kline in the order of revocation. F.S. Section 561.16, F.S.A. and succeeding statutes define in detail the method for transferring a liquor license, one of which requirement is that the transfer must be approved by the Beverage Director, but there is no showing as to whether this transfer was so approved. This situation raises the question that as between the State and Kline it is doubtful if the latter has any contract with the State to dispense intoxicating liquors. If the transfer to him was not properly approved, has he a contract with the State?
In addition to this question petitioners not only seek a temporary injunction, they seek a mandatory injunction as well, which should not be granted until final hearing except in rare cases where the right is clear and free from reasonable doubt. American Fire and Casulty Company v. Rader, 160 Fla. 700, 36 So.2d 270. The chancellor adjudicated no other question. For this reason and the further reason that the chancellor set the cause for final hearing on the merits February 3, 1955, when the whole case will be before him, we do not think he should be reversed for error in denying temporary and mandatory injunction. Certiorari is denied and the judgment is affirmed.
It is so ordered.
MATHEWS, C.J., and SEBRING and HOBSON, JJ., concur.