**CONTINENTAL CASUALTY COMPANY, a corporation, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation.**

10 So. (2nd) 440                                        En Banc
November 10, 1942        Rehearing Denied November 30, 1942

McKay, Macfarlane, Jackson & Ferguson, for appellant.

McDonald & McDonald, for appellee.

TERRELL, J.:

Charles Lee Whidden filed a claim under Workmen's Compensation against his employer Ridge Lakes Packing Company, for injuries received in an accident on December 9, 1938. At a hearing before the Deputy Commissioner, he was awarded compensation in the sum of $1540.71. The plaintiff appealed from this award but his appeal was dismissed by the circuit court. Appellee being the insurance carrier, paid the compensation awarded. This action was brought by appellee as plaintiff against appellant as defendant to recover one-half the amount of compensation so paid. From a judgment in favor of the plaintiff, defendant appealed.

It is first contended that the judgment of the Industrial Commission making the award was res adjudicata as to all matters decided thereby including any claim for contribution on the part of appellant.

Under the facts stated, we do not think the Florida Industrial Commission is authorized to adjudicate the question of contribution between appellant and appellee since its powers are essentially administrative and not juridical. Gray v. Gray, 91 Fla. 103, 107 So. 261; South Atlantic Steamship Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675. Gray v. Gray, supra, is the leading case on res adjudicata in this State and the elements there stated as being essential to constitute it are not present in the case at bar.

The only other question essential to answer is whether or not appellant had a policy outstanding on December 9, 1938, the date of Whidden's accident, covering the loss and if so, is it liable to appellee for one-half of the award.

Appellant admits that it issued a policy in September, 1938, covering the loss in question but contends that said policy was cancelled prior to the date of the accident. The trial court overruled this contention and from an examination of the evidence we cannot say that he committed error. The record shows that appellant and appellee both issued policies covering the loss and it does not conclusively appear that appellant had cancelled its policy.

Both companies were given notice of the claim in due course but the order to pay the award was only given to appellee. In this situation, we think there was an implied contract on the part of appellant to pay one-half the award and since appellee had paid the full amount, it is entitled to contribution from appellant. Coolies Brief on Insurance, page 6609.

The record and the evidence support the judgment appealed from. It is therefore affirmed.

Affirmed.

WHITFIELD, BUFORD, CHAPMAN and ADAMS, JJ., concur.

BROWN, C. J., and THOMAS, J., dissent.

BROWN, C. J., dissenting:

I doubt if the doctrine of res adjudicata applies—but I have read this record and my conclusion from the evidence is that the employer never accepted appellant's policy and never paid the premium.