O’NIELL, Chief Justice.
 

 The Chief of Police of the City of Lafayette brought proceedings against Adam Trahan before the Board of Tax Appeals to have the Board revoke two permits which had been issued to Trahan to sell intoxicating liquor. The Board, after hearing the case, in accordance with Act 15 of 1934, as amended by Act 190 of 1946, revoked the permits. Trahan appealed to the district court, where, according to the provisions of the statute, the case was tried de novo. The district judge gave judgment against Trahan, revoking the permits. The court did not merely affirm the revocation which had been pronounced by the Board of Tax Appeals, but expressly declared and adjudged the permits revoked. Trahan thereupon appealed from the judgment of the district court to this court. The Chief of Police, as appellee, has moved to dismiss the appeal on several grounds.
 

 The first of these grounds is that the case has become a moot case. The permits were granted in 1947; therefore, by the terms of the statute, they would have expired on December 31, 1947. The court, of course, cannot reinstate the permits at this date. However, the statute, Act 15 of 1934, as amended, provides that a permit such as those involved here shall not be granted to any applicant who shall have had revoked within five years preceding his application such a , permit previously granted to him. Thus, although the permits here concerned cannot be reinstated, the appellant has a substantial interest in having the revocation declared invalid, so that he may, within the next five years, if he sees fit, apply for another permit of the same kind.
 

 The second ground for appellee’s motion to dismiss the appeal is that this court has not appellate jurisdiction in this case. The appellant relies upon the provision in the fifth paragraph of Section 10 of Article 7 of the Constitution, declaring that the Supreme Court “shall have appellate jurisdiction in all cases
 
 *
 
 * * where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof.” The appellee argues that the revocation of a liquor permit is not a forfeiture, within the meaning of the constitutional provision, because the term “forfeiture” refers to the divestiture of property, and that a liquor permit is not considered to be property. Conceding for the sake of argument that a liquor permit, such as those here involved, is not property, nevertheless the revocation of such a permit is a forfeiture, as the term is used in the constitutional provision. For example, the''
 
 *517
 
 revocation of a corporate charter or franchise is referred to generally as a forfeiture. State v. Delmar Jockey Club, 200 Mo. 34, 92 S.W. 185, 98 S.W. 539, 543; State v. Howell, 67 Wash. 377, 121 P. 861, 863; Murphy v. Missouri & Kansas Land & Loan Co., 28 N.D. 519, 149 N.W. 957, 959; Central Nat. Bank v. Dallas Bank 6 Trust Co., Tex.Civ.App., 66 S.W.2d 474, 479. Depriving an official of his office is referred to as a forfeiture. City of Williamsburg v. Weesner, 164 Ky. 769, 176 S.W. 224, 225; State v. Harmon, 115 Me. 268, 98 A. 804, 805. The revocation of a boat pilot’s license has been called a forfeiture. Morris v. Board of Pilot Com’rs, 7 Del.Ch. 136, 30 A. 667, 669. The revocation of a liquor dealer’s license, which is the subject of this appeal, has been referred to as a forfeiture. Baldacchi v. Goodlet, Tex.Civ.App., 145 S.W. 325, 328. The following definition of forfeiture has been quoted with approval: “Forfeiture is where a person loses some property, right, privilege, or benefit in consequence of having done or omitted to do a certain act.” See State v. De Gress, 72 Tex. 242, 11 S.W. 1029. Webster’s New International Dictionary, 2d Ed., defines the word forfeiture thus: “l.b Loss of some right, privilege, estate, honor, office, or effects, in consequence of a crime, offense, breach of condition, or other act.” It seems quite certain therefore that the word forfeiture has a larger meaning than the mere divestiture of corporeal property. Section 5 of Act 15 of 1934, as amended by Act No. 384 of 1946, provides that a permit such as those here involved “shall be purely a personal privilege * * The applicant for such a permit has, if he is qualified in accordance with the requirements recited in Act 15 of 1934, as amended, a right to have the permit issued to him, which right he may enforce in the courts of this state. We are of the opinion therefore that the revocation of the permits concerned constituted a forfeiture within the meaning of the constitutional provision conferring upon this court jurisdiction of such a case.
 

 The third ground upon which the appellee bases his motion to dismiss the appeal is that the appeal was not taken from the action of the Board of Tax Appeals revoking the permits, but was taken from the judgment of the district court revoking the permits. That is true. But the constitutional provision does not require that the appeal shall be taken directly from the imposition of the forfeiture by the board; it simply requires that the legality or constitutionality jof a forfeiture shall be in contest, in order to give this court appellate jurisdiction. It is not contended that the district court could have revoked the permits except by affirming a revocation made by the Board of Tax Appeals. Therefore, the legality of the prior revocation by the Board of Tax Appeals is certainly in contest in this case.
 

 Assuming that the appellant might have appealed to this court directly from
 
 *519
 
 the order of the Board of Tax Appeals, his appealing first to the district court could not divest this court of the jurisdiction-conferred by the Constitution.
 

 The appellee argues that this appeal is returnable only to the Court of Appeal, under the terms of Section 6 of Act IS of 1934, which, as amended by Act No. 384 of 1946, reads in part: “Within ten (10) calendar days of the signing of the judgment by the District Court on all such appealed cases any aggrieved party may devolutively appeal the judgment to the Court of Appeal having jurisdiction of the District Court.” If this provision should be construed so as to deprive this court of its appellate jurisdiction in this case, as contended by the appellee, it would be unconstitutional.
 

 The motion to dismiss the appeal is overruled.