JAMES T. VOCELLE, as Director of the State Beverage Department of the State of Florida, his agents, employees, and all those claiming by, through or under him, v. JOHN MALESZEWSKI, JR.

34 So. (2nd) 436                                    January Term, 1948
March 23, 1948                                      Special Division B

*J. Tom Watson*, Attorney General, and *D. Fred McMullen*, for appellants.

*W. W. Flournoy*, for appellee.

BARNS, J.:

The appellee held a beer license which was revoked after a hearing before the appellant, whereupon the appellee brought a suit in equity to restrain the revocation of the beer license.

The appellant filed his answer to the bill and a final hearing the chancellor entered a final decree enjoining the revocation of the license by the Director.

Appellant has assigned as error the action of the chancellor in denying appellant's "motion to dismiss" plaintiff's appellee's bill.

This raises the question of whether or not the bill has equity. The only material allegations of the bill are that appellee has spent $11,000 in the purchase and improvement of his place of business; that he was a holder of a license to sell beer and that the Director-apellant gave him notice of revocation of his beer license upon specific charges; that pursuant thereto a hearing was had before the Director and the Director revoked the license "without any basis in fact or in law."

A suit in equity cannot be used for the purpose of procuring a review of the proceedings of a board, commission or commissioner. Common law certiorari is the appropriate method of judicial review of such proceedings when there is no prescribed method. See State Beverage Department v. Willis, 32 So. (2nd) 580, and other authorities therein cited.

292

The bill is without equity, and the decree appealed is reversed.

THOMAS, C. J., TERRELL and ADAMS, JJ., concur.

34 So. (2nd) 435
March 23, 1948

January Term, 1948
En Banc