62 So.2d 1 (1952)
FLORIDA STATE BOARD OF ARCHITECTURE
v.
SEYMOUR.
Supreme Court of Florida, en Banc.
December 16, 1952.
Marks, Gray, Yates & Conroy, Harry T. Gray, Jacksonville, and Benmount Tench, Jr., Gainesville, for appellant.
Martin Sack, Jacksonville, for appellee.
TERRELL, Justice.
Russell Seymour filed his bill of complaint in the Circuit Court, alleging that he was a duly registered and licensed Florida Architect and that the Florida State Board of Architecture had filed charges against *2 him seeking to revoke his certificate. The bill prayed for a declaration of his rights and immunities. In response to a motion to dismiss, and a motion to strike certain paragraphs of the bill of complaint the court entered an order denying the motion to dismiss, struck paragraph five of the bill relating to the sufficiency of the charges challenging the constitutional power of the Board and the applicability of Section 467.14, Florida Statutes 1949, F.S.A., under which appellee's certificate was issued.
A temporary injunction against the immunity claimed by appellee was also granted. This appeal is from the interlocutory and the final decree.
The charge against the plaintiff was as follows:
"He, Russell Seymour, in Jacksonville, Florida in violation of chapter 467 and particularly 467.14 by dishonest practices, sought dishonestly to influence the Board of Public Instruction of Duval County, Florida, or a member or members thereof, to select and designate him to render and perform professional architectural services for said Board of Public Instruction in connection with the planning and supervision of the construction of public school buildings in Duval County, Florida, in this, to-wit: That he knowingly and dishonestly paid a sum or sums of money, which he believed or had reason to believe would be transmitted to a member or to members of the School Board aforesaid for said dishonest purpose, to-wit: paid the sum of $2,000.00 on April 18, 1950, and agreed to pay twenty per cent of his fee as an architect on a contract awarded to him for architectural services relating to the Kings Road School."
In proceedings for bribery or conspiracy to bribe, held prior to filing this charge the plaintiff involuntarily testified and produced certain documents relative to the matters and things recited in the charge. He also testified in regard to these matters before the State's Attorney and the Grand Jury which resulted in an indictment against certain members of the Board of Public Instruction charging them with violating the bribery statutes. He then testified in the trial of those named in the indictment.
The point for determination may be stated as follows: When an architect has involuntarily testified before the State's Attorney, the Grand Jury and at the trial of members of the Board of Public Instruction for bribery and conspiracy to bribe, is he immunized from further prosecution for dishonest practices by Sections 932.29 and 838.08, Florida Statutes 1941, F.S.A., and would a proceeding to revoke his registration amount to such a prosecution?
Sections 838.08 and 932.29, Florida Statutes 1941, F.S.A., are as follows:
838.08. "Any person giving a reward, compensation or remuneration prohibited by § 838.06 shall not be privileged from testifying, but if he does testify, nothing said by him in his testimony shall be admissible in evidence in any civil or criminal action against him."
932.29. "No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."
Appellant contends that these statutes avail appellee nothing because this is a proceeding to investigate alleged dishonest *3 practices as an architect, that it is not a criminal proceeding, that nothing has been done except to file charges against appellee and set a time for hearing, that no attempt has been made to use the testimony of appellee, that appellant should be permitted to continue with the investigation and that if it acts arbitrarily or illegally, its action is subject to judicial review. For these reasons it is contended that the injunctive order should be reversed.
The statute in clear terms exempts one from prosecution, penalty or forfeiture "for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise". So the real point for determination is whether or not a proceeding for revocation of an architect's certificate amounts to a prosecution or may produce a penalty or forfeiture as contemplated by the statute. Whether the prosecution, penalty or forfeiture has to do with a civil or criminal action is not material. The statute first quoted makes it applicable to both. The purpose of immunity statutes is to aid the prosecution in securing evidence in face of the guaranty offered by Section 12, Declaration of Rights against self incrimination. It should be liberally construed to effectuate the purpose for which it was designated. State ex rel. Byer v. Willard, Fla., 54 So.2d 179; Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110.
The terms of the statute must be as broad as the constitutional guaranty and when so construed it would avail the defendant nothing if it did not comprehend a proceeding to revoke his architect's certificate. A penalty generally has reference to punishment imposed for any offense against the law. It may be corporal or pecuniary. A forfeiture is also a penalty and has to do with the loss of property, position or some other personal right for failure to comply with the law. The right to earn a living including other personal rights are protected by the immunity statute. Watson v. Centro Espanol De Tampa, 158 Fla. 796, 30 So.2d 288; State ex rel. Hosack v. Yocum, 136 Fla. 246, 186 So. 448, 121 A.L.R. 270.
Some of the cases hold that a penalty or forfeiture may be criminal in nature and civil in form. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Lees v. United States, 150 U.S. 476, 14 S.Ct. 163, 37 L.Ed. 1150; Bowles v. Trowbridge, D.C., 60 F. Supp. 48; but none of them approve the limitation to criminal prosecutions urged by appellant. The decisions of this and other courts refuse to give the statute any such interpretation or limitation. State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147; Malouf v. Gully, 187 Miss. 331, 192 So. 2; Counselman v. Hitchcock, supra and Boyd v. United States, supra.
To support its contention appellant places great stress on In re Rouss, 221 N.Y. 81, 116 N.E. 782. It is true that in this case the Court of Appeals of New York held that a proceeding for disbarment was not a prosecution, penalty or forfeiture within the terms of the New York immunity statute. The court below refused to apply this interpretation to the present proceeding and we think the decision cited amply supports this view. If any other rule were followed no one would testify in such proceedings.
It is accordingly our view that a proceeding to revoke appellee's certificate as an architect amounts to a prosecution to effect a penalty or forfeiture as contemplated by Section 932.29, Florida Statutes 1941, F.S.A. The revocation of his certificate could be nothing short of a penalty or forfeiture, against all of which appellee is immunized by the statute.
The decree appealed from is therefore affirmed.
Affirmed.
SEBRING, C.J., HOBSON and ROBERTS, JJ., and WALKER, Associate Justice, concur.
THOMAS, J., dissents.