ELLIS, Judge.
These are actions by the Louisiana State Board of Medical Examiners under the authority of LSA-R.S. 37:1261 et sequitur, seeking to enjoin, restrain, and prohibit the defendants, Daniel J. Arton and M. R. Metzel, from practicing medicine in the State of Louisiana until they shall have obtained a certificate or permit required by law, and further praying for the assessment against each defendant of a penalty of $100, together with attorneys fees in the amount of $50.
From a judgment rendered in favor of the plaintiff as prayed for the district court granted an order of appeal in each case returnable here, although the appellants insist the appeal should have been to the Louisiana State Supreme Court.
The appellants have filed a motion praying both cases be transferred to our State Supreme Court and requesting the causes be consolidated for the purpose of considering this motion. This motion, in the alternative, prays these causes should be stayed and held in abeyance until such time as the case of Jerry R. England et al. v. Louisiana State Board of Medical Examiners et al., pending in the U. S. Court of Appeals, Fifth Circuit, becomes final, as the same issues found herein are presented there. [See 263 F.2d 661.]
The motion of the appellants is based upon the provisions of Article 7, Section 10, *250 Paragraph 5 of the Louisiana Constitution, LSA, which reads:
“Appellate jurisdiction; validity of tax, assessment, fine, forfeiture, homestead exemption, etc. It shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, and in all cases wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law of this State has been declared unconstitutional. Its appellate jurisdiction shall also extend to all cases involving homestead exemptions irrespective of the amount involved, and the appeal on the law and the facts shall be directly from the court in which the case originated to the Supreme Court; except that in cases involving only movable property, the appeal shall lie to the court having jurisdiction of the amount or the value of the property involved.”
Counsel for movers urge that the legality and constitutionality of the fines and penalties imposed are at issue herein and under the provisions of the quoted Article and Section our Supreme Court has jurisdiction of this appeal.
Louisiana Revised Statutes 37:1286 provides :
“The board through its proper officer may cause to issue in any competent court a writ of injunction enjoining any person from practicing medicine in any of its departments, until such person obtains a certificate under the provisions of this Part. This injunction shall not be subject to being released upon bond.
“In the suit for an injunction, the board, through its president, may demand of the defendant a penalty of not more than one hundred dollars, and attorney’s fees not to exceed fifty dollars, besides the costs of court. This judgment for penalty, attorney’s fees, and costs may be rendered in the same judgment in which the injunction is made absolute.
'“The trial of the proceeding by injunction shall be summary and by the judge without a jury.”
In Louisiana State Board of Medical Examiners v. McHenery, 222 La. 984, 64 So.2d 242, the Supreme Court transferred to the Court of Appeal, Second Circuit, a similar case as the case at bar, stating that the amount involved was not shown to have been in excess of $2,000, citing authorities. In this case it does not seem the constitutional question was brought to the attention of the court. The Court of Appeal, Second Circuit, in Louisiana State Board of Medical Examiners v. Fisher, 76 So.2d 56, refusing to transfer a case on all fours with the case at bar, stated its jurisdiction was controlled by the amount involved in a case, which was shown to be the price of the required certificate, the penalty of $100 imposed by the trial court and the reward of $50 attorneys fees. The Mc-Henery case, supra, was cited; and our Supreme Court denied a writ of certiorari. It is to be noted in the Fisher case a plea of unconstitutionality was filed. Thus the Supreme Court’s attention in this Fisher case was undoubtedly called to the constitutional provision, Article 7, Section 10, Paragraph 5. Writs having been refused it is evidently the interpretation of the Supreme Court that such an appeal lies here rather than to it.
Appellants cite Breaux v. Trahan, 213 La. 512, 35 So.2d 130, as being controlling here. In that case the Supreme Court overruled a motion to dismiss the appeal on the ground that the legality of a prior revocation of liquor permits was made by the Board of *251 Tax Appeals; that the legality and constitutionality of this revocation by that Board was in contest in the case and that Article 7, Section 10, Paragraph 5, clearly gave the Supreme Court jurisdiction of the appeal. We find nothing in the Trahan case, supra, which would indicate a judgment of a district court in such a case as this should be returnable on appeal to the Supreme Court where the amount involved is not shown to be more than $2,000. The pertinent Section of the Constitution, supra, speaks of the "legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State * * * The district court here did not declare the Act unconstitutional and the State district court imposed the penalty. This was not a fine or penalty imposed by a parish, a municipal corporation, a board, or any subdivision of the State. Thus, we conclude, since our jurisdictional amount is not exceeded here, the motion to dismiss is overruled.
In the alternative appellants maintain these cases should be held in abeyance by this court pending a final decision in the case of Jerry R. England et al. v. Louisiana State Board of Medical Examiners, which the United States Court of Appeal, First Circuit, recently remanded to the United States District Court after a finding that the complaint did present a Federal question. The decree directed the United States District Court to permit the appellants herein, co-plaintiffs in the federal suit, to prove that the Medical Practice Act of Louisiana is unconstitutional as well as the licenses of the officers of the Louisiana State Board of Medical Examiners. The same issues found in the Federal case are presented in the case at bar.
In view of the above, we have decided to stay and hold in abeyance a decision herein until a final determination of England v. Louisiana State Board of Medical Examiners, supra, and/or until further orders of this court.