PER CURIAM.
This appeal is from an order dismissing an action for injunction brought against named individuals as County Commissioners of Dade County. The complaint alleged that the plaintiff, appellant herein, was .aggrieved by the passage of a certain *373 resolution in a zoning- matter, and that the county planning, zoning and building department was about to take action against him pursuant to this legislative action of the county commission. The plaintiff further stated in his complaint that: “ [H] e enters his appeal de novo to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, from that certain resolution * *
The appellant admits that county commissioners are required to he sued in the name of the county,[1] but urges that the statute applies only to those actions brought against counties upon a county obligation and is not applicable because he has no quarrel with Dade County as a governmental agency. It is urged that the action of the commissioners was that of a board in passing on the merits of a mixed question of law and fact and that an appeal to the circuit court should be allowed upon the theory that there is a right of appeal from an order of any administrative body.
The actions of administrative hoards are reviewed ordinarily by certio-rari. Rule 4.1, Florida Appellate Rules, 31 F.S.A.; Codomo v. Shaw, Fla.1958, 99 So.2d 849. Section 176.16, Fla.Stat., F.S.A., provides a method of appeal de novo from the decision of a zoning board of adjustment within 30 days after the filing of the decision in the office of the hoard. Josephson v. Autrey, Fla.1957, 96 So.2d 784. Zoning is a legislative function, and the courts will interfere only when zoning ordinances conflict with constitutional safeguards or if in their application in individual cases they are unreasonable or arbitrary. Town of Surfside v. Abelson, Fla.App.1958, 106 So.2d 108.
The action was not in appropriate form and the individuals making up the county commission were not proper defendants.[2] Nevertheless, the order of dismissal should have been without prejudice to the appellant’s right to question the validity of the ordinance in an appropriate proceeding. Therefore the cause is remanded for the entry of an amended order of dismissal in accord with this opinion.
Affirmed in part and reversed in part and remanded.
HORTON, C. J., and PEARSON, J., and DREW, E. HARRIS, Associate Judge, concur.

. Section 125.15, Fla.Stat., F.S.A.

. See Note [1], supra.