CARROLL, CHAS., Judge.
The State Beverage Department of Florida has filed this appeal from a judgment in prohibition entered by the circuit court in Dade County, which had the effect of terminating a proceeding by the beverage department for revocation or suspension of a liquor license of the relators.
Zuclcer and Dairymple, doing business as Paradise Lounge, held such a license at Paradise Motel in the City of Miami. Zuclcer had previously been arrested and charged with boolcmalcing at the place, and his alleged commission of that offense against the gambling laws of the state made the basis of the beverage department’s proceeding against him and his partner for the revocation of the liquor license. They filed their petition in the circuit court for prohibition in which Zuclcer claimed that he had achieved immunity against prosecution for an imposition of a penalty for the alleged bookmaking, by virtue of § 932.29, Fla.Stat., F.S.A.[1], because he had been *641 examined with reference thereto by an assistant state attorney. Issue was joined, the prohibition cause was tried before the court, and judgment was entered making the rule in prohibition absolute. The trial judge found that Zucker had been examined by an assistant state attorney with reference to the gambling offense which was the basis of the revocation proceedings; that a charge against him for such an offense pending in the criminal court of record in Dade County had been quashed in recognition of his resulting immunity under § 932.29, Fla.Stat., F.S.A.; and thereupon the trial court applied the immunity to the beverage department’s revocation proceedings.
Those findings and conclusions of the trial court in the prohibition action were amply supported by the record, and in holding that the statutory exemption was applicable in the proceeding for revocation of liquor license the trial judge was eminently correct.
Where such an immunity exemption is applicable, a proceeding for prosecution or to subject the party affected to a penalty or forfeiture because of the act or transaction concerning which he shall have so given testimony or furnished evidence, amounts to an excess of jurisdiction and a purported exercise of judicial power where none exists, and it is proper to invoke prohibition for the restraint thereof. State ex rel. Marshall v. Petteway, 121 Fla. 822, 164 So. 872; State ex rel. Byer v. Willard, Fla.1951, 54 So.2d 179; Florida State Board of Architecture v. Seymour, Fla.1952, 62 So.2d 1; Boynton v. State ex rel. Mincer, Fla.1954, 75 So.2d 211. The proceeding for revocation or suspension of the liquor license is one which is designed to bring about a penalty or forfeiture[2] which has been construed to be within the protective scope of the exemption, when applicable under the statute (§ 932.29, Fla.Stat, F.S.A.). See Florida State Board of Architecture v. Seymour, supra.
The judgment appealed from is affirmed.
Affirmed.
HORTON, C. J., concurs.
PEARSON, J., dissents.

. “No person shall he excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal *641 sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”

. “A liquor license has come to have the quality of property, with an actual peeu-niary value.” House v. Cotton, Fla.1951, 52 So.2d 340, 341; Kline v. State Beverage Department of Florida, Fla.1955, 77 So.2d 872, 874. Revocation or suspension of such a license is a penalty or forfeiture. Breaux v. Trahan, 213 La. 512, 35 So.2d 130; Malouf v. Gully, 187 Miss. 331, 192 So. 2; Zambroni v. State ex rel. Hawkins, 217 Miss. 418, 64 So.2d 335. See Florida State Board of Architecture v. Seymour, Fla.1952, 62 So.2d 1, 3.