CARROLL, CHAS., Judge.
The appeal in this case is from an equity decree which enjoined the enforcement of a license suspension order of the Hotel and Restaurant Commission of the State of Florida.
In September of 1957 Zucker was arrested and charged with bookmaking at the Paradise Motel which he operated with his partner. On October 1, 1957, Zucker gave certain testimony concerning the bookmaking incident, before an assistant state attorney. On October 18, 1957, the Criminal Court of Record in Dade County concluded that the testimony given by Zucker was of the character and was given under circumstances which resulted in his immunity from prosecution for the alleged bookmaking incident, under § 932.29, Fla.Stat., F. S.A.,[1] and that court quashed the information against him thereon.
The State Beverage Department of Florida conducted a hearing on December 12, 1957, for revocation of the liquor license at the location in question, based on the alleged bookmaking by Zucker above referred to. In a prohibition proceeding filed by them in the circuit court, Zucker and his partner, as holder of such license, established Zucker’s immunity under § 932.-29, Fla.Stat., F.S.A., as his immunity had been recognized and applied in his prosecution for such bookmaking in the Criminal Court of Record. On appeal, this court affirmed the writ of prohibition issued by the Circuit Court, which terminated the beverage department’s proceeding for revocation of the liquor license. See State Beverage Department of Florida v. State ex rel. Zucker, Fla.App.1959, 116 So.2d 640.
The present suit represents a third application for the benefit of such immunity— this time from being subjected to the penalty of suspension of the operating license of the motel. On November 15, 1957, the Hotel and Restaurant Commission of Florida, through its commissioner, held a hearing for revocation of the motel license, again based on such alleged bookmaking activities of Zucker. A motion was filed in that proceeding by Zucker claiming immunity under § 932.29, on the basis of his testimony given before the assistant state attorney. The commissioner refused to grant the motion, and on December 11, 1957, entered an order finding Zucker guilty of such bookmaking, and suspending the motel license for six months, from January 1, 1958. On December 20, 1957, the *644 licensee applied to the Circuit Court and obtained an order of supersedeas, conditioned on timely filing of certiorari. The procedure for review of such proceedings of the hotel commission was prescribed by statute to be by petition for certiorari in the Circuit Court. Section 509.261(1) (c), Fla.Stat., F.S.A.[2]
In the instant case the licensee failed to file a petition for certiorari in the Circuit Court within the time allowed, and thereupon the commission obtained an order vacating the supersedeas and dismissing the Circuit Court action in which the super-sedeas had been granted. The licensee moved the court to set aside such order of dismissal, and the court denied that motion. Promptly thereafter the licensee filed this equity suit in the circuit court for a declaratory decree and injunction, and obtained a temporary restraining order to prevent the suspension. A motion to dissolve the restraining order and to dismiss the complaint was heard and denied, and the defendant hotel commission and the commissioner filed their answer.
Where certiorari has been prescribed as the method for review of the proceedings and orders of an administrative board, the aggrieved party may not substitute an equity suit as a means of seeking such review. See Vocelle v. Maleszewski, 160 Fla. 291, 34 So.2d 436.
In the present equity suit the licensee did not seek a review of the proceedings before the hotel commissioner on the merits, such as could have been done appropriately by timely certiorari, but sought to enjoin enforcement of the suspension order, claiming immunity under § 932.29, Fla.Stat., F.S.A., upon alleging that Zucker had testified before an assistant state attorney with reference to facts and under circumstances which brought him within the statute.
The hotel commission and the commissioner in answering the complaint averred that in the course of the proceedings before the hotel commission the licensee had filed a motion for similar relief based on the giving of testimony before the assistant state attorney, and they contended that refusal of the commissioner to recognize the immunity thus claimed was final and conclusive against the licensee, upon failure of the latter to seek review of the hotel commission’s proceedings by certiorari. The cause was tried before the chancellor who found in favor of the licensee on its claim of immunity, and enjoined the enforcement of the suspension order.
Based on numerous assignments of error the appellants stated three points. The first two presented the question of whether there was jurisdiction to entertain the equity suit after the licensee failed to pursue the prescribed remedy of review of the commission’s proceedings by certiorari. The third point raised the question of whether the evidence established the immunity, and whether immunity to Zucker would relieve against enforcement of an order suspending the license of the motel of which he was not the sole owner but which he owned with a partner. In answering these questions in favor of the licensee the chancellor was eminently correct, and the decree should be affirmed.
The chancellor acted on the authority of the case of Florida State Board of Architecture v. Seymour, Fla.1952, 62 So.2d 1, where the Supreme Court affirmed a decree which enjoined a proceeding for the revocation of a certificate of an architect. The ground for the injunction there was the same as that which was relied on here, that is, immunity was claimed under § 932.- *645 29, Fla.Stat., F.S.A., because the party involved had previously testified before the state attorney (and in that case also before the grand jury) as to acts constituting an offense named in the statute, and which acts were the basis of the board’s proceeding against him. That case and the case of State Beverage Department of Florida v. State ex rel. Zucker, supra, support the chancellor’s holding here that the immunity gained under § 932.29, Fla.Stat., F.S.A., will exempt the person not only from criminal prosecution for the transaction or matter concerning which he may have so testified or produced evidence, but will give him immunity from being “subjected to any penalty or forfeiture” therefor, and that revocation or suspension of a license such as that involved here amounts to imposition of a penalty within the meaning of the statute.[3]
The record supports the finding of the chancellor that the testimony given by Zucker before the assistant state attorney and the conditions under which it was given resulted in immunity to him as claimed. The fact that the license here was not held by Zucker alone, but with a partner, is of no material significance. Cf. In re Subpoena Duces Tecum, D.C.N.D.Cal. 1948, 81 F.Supp. 418; United States v. Linen Service Council of New Jersey, D.C.D.N.J.1956, 141 F.Supp. 511. The alleged misconduct forming the basis for the pro ceeding for revocation or suspension of the hotel license was certain action attributed to Zucker. It was Zucker who obtained immunity from prosecution or from being subjected to a penalty with reference to those alleged acts. It would deprive Zucker of the benefit of the immunity given by the statute, to permit imposition of a penalty on him and another, simply because his interest in the license involved was not exclusive.
We hold that the chancellor was not in error in approving the resort to equity to enjoin the imposition of the penalty on the basis of Zucker’s immunity under the statute, notwithstanding his failure to file a timely petition for certiorari in the Circuit Court to review the proceedings of the hotel commission in which the motel license was suspended. In so ruling, we do not hold or imply that a suit in equity may be substituted for the prescribed statutory method of review, by certiorari, of the proceedings before the commission. Vocelle v. Maleszewski, supra, 160 Fla. 291, 34 So.2d 436; Frix v. Beck, Fla.App.1958, 104 So.2d 81, 83. We do hold that Zucker’s claim of immunity against prosecution, or from being subjected to a penalty or forfeiture with reference to the matters about which he testified before the assistant state attorney (§ 932.29, Fla.Stat., F.S.A.), was one which could not be finally concluded against him by a refusal of the hotel commissioner to recognize its existence and effect. This is so because the ruling of the commission against Zucker on his claim of immunity was a matter foreign to the jurisdiction of the commission and outside the area of its authorized judicial or quasi-judicial powers.[4] See Matthews v. State ex rel. St. Andrews Bay Transp. Co., 111 Fla. 587, 149 So. 648; South Atlantic S.S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675, 680; Continental Casualty Co. v. Hartford Accident & Indemnity Co., 151 Fla. 742, 10 So.2d 440; Edgerton v. International Company, Fla.1956, 89 So.2d 488; Aylward v. State Board of Chiropractic Examiners, 31 Cal.2d 833, 192 P.2d 929; Department of Conservation v. Sowders, Ky.1951, 244 S.W.2d 464; Davis, Adminis *646 trative Law 593 (1951); 42 Am.Jur., Public Administrative Law, §§ 159-161; 50 C.J.S. Judgments § 617; 73 C.J.S. Public Administrative Bodies and Procedure § 147.
In the case of Florida State Board of Architecture v. Seymour, supra, the Supreme Court said (62 So.2d 1, 3):
“ * * * The purpose of immunity statutes is to aid the prosecution in securing evidence in face of the guaranty offered by Section 12, Declaration of Rights against self incrimination. It should be liberally construed to effectuate the purpose for which it was designated. State ex rel. Byer v. Willard, Fla., 54 So.2d 179; Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110.
“The terms of the statute must be as broad as the constitutional guaranty and when so construed it would avail the defendant nothing if it did not comprehend a proceeding to revoke his architect’s certificate. A penalty generally has reference to punishment imposed for any offense against the law. It may be corporal or pecuniary. A forfeiture is also a penalty and has to do with the loss of property, position or some other personal right for failure to comply with the law. * * * ”
The immunity thus granted by the statute is the equivalent of the constitutional privilege against self-incrimination for which it substitutes. Under the wording of the statute the immunity is not limited to objecting to pending proceedings to impose a penalty or forfeiture on one who has gained such an immunity, but the statute provides that such person shall not be “subjected to any penalty or forfeiture,” etc. In order for it to be effective as intended, such an immunity under the statute may be asserted to interrupt pending proceedings brought to impose a penalty or forfeiture with reference to the subject matter involved, or to prevent the application or enforcement of such a penalty or forfeiture which may have been ordered on the basis of the matter to which the immunity was related.
In the Seymour case the procedure of filing a suit for declaratory decree and for injunction, as a means of preventing the party from being subjected to the penalty of revocation or suspension of his certificate as an architect, was approved. The difference procedurally between that case and the present one is that in the Seymour case the injunction suit came at a time when the proceedings for revocation or suspension of the certificate or license were pending before the board. Here the proceedings by the hotel commission with reference to the motel license had been concluded. However, the penalty which the commissioner ordered, for suspension of the motel license for six months was superseded and had not been enforced.
We conclude that it was proper under the circumstances presented in this case for application to be made to a court of equity for a decree declaring and securing to the licensee the benefit of his claimed immunity under § 932.29, Fla.Stat, F.S.A., and to secure protection to the licensee against being “subjected” to such penalty.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. “No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against bribery, burglary, larceny, gaming or gambling, or of any of the statutes against the illegal sale of spirituous, vinous or malt liquors, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”

. “(c) Proceedings of the hotel commission may be reviewed by certiorari to the circuit court of the circuit in which such licensed establishment is located and appeals from any decision of the circuit court may be taken to the supreme court of Florida in the same manner and subject to like conditions as appeals in chancery are taken.”

. For a discussion of the scope and effect of such an immunity, see 8 Wigmore, Evidence, §§ 2281-2282 (3d Ed.1940).

. Section 509.261, Fla.Stat., F.S.A., gives the hotel and restaurant commission quasi-judicial power to hear and decide issues material and relevant to actions of licensees or on licensed properties, which, under the provisions of the act, may prompt revocation or suspension of such licenses.