HOBSON, Justice.
On August 17, 1959 the Florida Railroad and Public Utilities Commission held a public hearing upon the joint application of Rapid Delivery Service, Inc. and others for the approval of the transfer of Certificate of Public Convenience and Necessity No. 418 to the petitioner. The Certificate sought to be transferred authorized
“ * * * the transportation in common carriage of packaged and unpack-aged general merchandise in a parcel delivery service over irregular routes on irregular schedules, to, from and between points and places in Dade, Broward and Palm Beach Counties, *554 limited to parcels weighing not more than 75 pounds and to shipments weighing not more than 75 pounds, moving from one shipper to one con■signee on the same vehicle on the same day.”
In due course the Commission entered its Order No. 4824. In that order the Commission found that the Certificate in question was not dormant in that the lack of operations thereunder was excused by its prior orders. Further the Commission found that the transfer would not be contrary to the public interest provided it was restricted as follows:
“ * * * either against the conduct of any operations in Broward and Palm Beach Counties and points and places in Dade County south of Perrine or against the conduct of any operations in Dade County.”
Finally, the petitioner was given the option of determining which of the alternate authorities it desired.
On reconsideration the Commission amended Order No. 4824 by deleting the restriction against transportation in Dade County south of Perrine. Order No. 4854 which amended Order No. 4824 reads in pertinent part.
“The transfer here sought should be approved but only provided the certificate is amended to restrict it either against the conduct of any operations in Broward and Palm Beach Counties or to restrict it against the conduct of intra-county operations within Dade County. In this way the transferred certificate will authorize only operations between points and places in Dade County or it will authorize operations only between points and places in Broward and Palm Beach Counties and between points and places in said two counties on the one hand and points and places in Dade County on the other. The restriction set forth in the aforesaid Finding No. 3 against transportation in Dade County south of Perrine should be eliminated. The transferee should have the option of choosing between the above two restrictions and it will be required to interchange with other parcel delivery carriers in the manner set forth in this Commission’s Orders Nos. 4428 and 4428-A.
“It is the further finding of this Commission that the alternative restrictions set forth above are reasonable; that the public interest will be best served thereby and such restrictions are necessary to safeguard existing transportation facilities within the territory.”
Stripped of their surplus verbiage these two orders gave the Petitioner the choice of conducting either an intra-Dade County parcel delivery service, handling any shipments destined to points in Broward or Palm Beach through an inter-change with another carrier or of conducting a Palm Beach-Broward County operation which includes the privilege of originating shipments in Dade County destined for Broward or Palm Beach Counties and originating shipments in Broward or Palm Beach Counties destined for Dade County.
By its petition for writ of certiorari, the petitioner requests the review of Orders 4824 and 4854. Since on several recent occasions this court has laboriously set forth the purpose and scope of such review,[1] we see no need to “plow the same furrow” in this opinion. It is sufficient to herein remind ourselves that the Commission’s orders wear a mantle of statutory validity.[2] On certiorari our duty is to examine the rec *555 ord to determine whether the Commission’s orders are in accord with the essential requirements of law and whether this agency had before it competent substantial evidence to support its findings and conclusions.[3]
With the light of review thus focused upon the Commission’s orders the petitioner’s four contentions appear to be reduced to a single assertion that the Commission violated essential requirements of law when it imposed the restrictions described herein upon the petitioner’s certificate of public convenience and necessity. Petitioner argues that these restrictions were made without regard to the public interest by virtue of the fact that their principal purpose was the Commission’s desire to protect the interest of other parcel carriers as opposed'to the interest of the public in general.
Auto transportation certificate transfers come within the purview of Section 323.-041 Florida Statutes, F.S.A. Subsections (S) and (6) of that statute provide:
“(5) When the transfer of any certificate, or the sale of capital stock of a corporate certificate holder, as herein provided, is approved by the commission, the commission is hereby empowered to reasonably alter, restrict or modify the terms and provisions of such certificate, or impose restrictions on such transfer where the public interest may be best served thereby, or the existing transportation facilities within the territory or on the route involved may be safeguarded or improved in the public interest.
“(6) The order of the commission approving any sale, assignment, or transfer shall direct immediate cancellation of the certificate and reissuance thereof to the transferee unless alterations, restrictions or modifications of the terms and provisions of such certificate are imposed in conjunction with such approval. In such latter event the commission order of approval shall require the transferee to notify it in writing within a period of time fixed by the commission whether or not it will accept the certificate as so altered or restricted. If such notification is not given, or if given in the negative, the commission shall enter its order canceling and revoking its approval, otherwise the commission shall thereafter cancel the certificate and reissue it to the transferee.” (Emphasis supplied.)
Thus we see that the statute clearly specifies that in its consideration of applications for the transfer of certificates the Commission is empowered to reasonably restrict or modify the terms and provisions of such certificate when such alterations either serve the public interest or safeguard or improve the existing transportation facilities within a territory in the public interest. From close scrutiny of the Commission’s action herein it is manifest that the Commission has not exceeded this grant of power.
The petitioner also complains that the option provision of the order renders it invalid. Although we have some reservations about the wisdom of orders containing such optional features it is clear that this aspect of the instant orders is consistent with the authority granted by Section 323.041(5) and (6) which empowers the Commission to restrict the provisions of certificates upon transfer in order to safeguard or improve existing transportation facilities. Nevertheless we do not intend that our ruling herein should be construed as an approval in future cases of alternative orders such as were entered in this controversy.
From our view of the record, we find that the Commission’s findings and conclusions are supported by competent substantial evidence and no rule of law appears to have been violated in the proceedings. Further, the record as a whole does not disclose any abuse of authority or arbitrary action of the *556 Commission in its consideration of the instant proceedings.
For the reasons above stated the petition for writ of certiorari is hereby denied,
It is so ordered.
THOMAS, C. J., TERRELL and O’CONNELL, JJ., and MOODY, Circuit Judge, concur.

. See Florida Rate Conference v. Florida Railroad and Public Utilities Commission, Fla.1959, 108 So.2d 601, and Fogarty Bros. Transfer, Inc. v. Boyd, Fla.1959, 109 So.2d 883.

- Section 350.12 (m), F.S.A.

. General Telephone Company of Florida v. Carter, Fla.1959, 115 So.2d 554.