### McCREARY, et al v. DADE COUNTY, et al.
No. 60 L 3437.

Circuit Court, Dade County.
September 22, 1961.

Wepman & Wepman, Miami, for petitioners.

Darrey A. Davis, County Attorney, St. Julien P. Rosemond, Ass't. County Attorney, for Dade County, co-respondent.

Heiken & Weissel, Miami, for Howard Scharlin, co-respondent.

ROBERT L. FLOYD, Circuit Judge.

This zoning cause came on for hearing, upon due notice, on all pending matters, and the court having considered the pleadings, argument of counsel, briefs and authorities cited, is of the opinion that the petition for a writ of certiorari should be dismissed.

The cause was instituted by way of a "petition for writ of certiorari and other relief" challenging the validity of resolution no. 4927 adopted by the defendant county commission on April 14, 1960 granting the county's co-respondent a change of zoning on certain property. The petition prays for the taking of "testimony, the issuance of writ of certiorari," and, inter alia, that this court quash "said resolution." All parties filed briefs and obviously agree that the questioned resolution must be reviewed by certiorari, and I concur.

Chapter 17833, Laws of 1937, as amended, inter alia, by chapter 24267, Laws of 1947, and chapter 25510, Laws of 1949, provides for notice and hearing prior to a change of zoning and that after an aggrieved party has applied for a modification or rescission, such party may within 30 days apply "to the circuit court of the county for relief." Thus, zoning in Dade County is a quasi-judicial function performed by the county commission, a legislative board within the meaning of the standards provided by DeGroot v. Sheffield (Fla. Sup. Ct. 1957), 95 So. 2d 912, and Bloomfield v. Mayo (Fla. App. 1st 1960), 119 So. 2d 417. Cf. Larson v. Warren (Fla. Sup. Ct. 1961), 132 So. 2d 177.

Rule 4.1 of the Florida Appellate Rules is therefore applicable, as no other "practice or procedure" is provided. State v. Furen (Fla. Sup. Ct. 1960), 118 So. 2d 6; Hotel and Restaurant Commission v. Zucker (Fla. App. 3d 1960), 116 So. 2d 642, 644; O'Brien v. Campbell (Fla. App. 3d 1960), 118 So. 2d 672; and City of Miami v. Eldredge (Fla. App. 3d 1961), 126 So. 2d 169. Cf. Vocelle v. Maleszewski (Fla. Sup. Ct.), 160 Fla. 291, 34 So. 2d 436, 437, and State Beverage Department v. Willis (Fla. Sup. Ct.), 159 Fla. 693, 32 So. 2d 580. Further in Alianell v. Fossey (Fla. App. 3d 1959), 114 So. 2d 372, it was held that injunctive relief procedure could not be used to obtain an "appeal de novo" from a Dade County Commission zoning decision, and the district court cited rule 4.1.

The parties part company on the issue of a trial de novo, and it is noted that the Alianell decision refers to chapter 176, Florida Statutes, where a review of a *municipal* board of adjustment matter is authorized by a statutory certiorari procedure, i.e., a review of the record and a trial de novo as in equity. It is deemed that the Alianell decision did not intend to imply that a municipal zoning statute is applicable to Dade County but merely made reference thereto as an example that certiorari, rule 4.1, common law certiorari, is the "appropriate form" and "appropriate proceedings" to review a *county* zoning matter.

This is supported by the same district court's per curiam affirmance, without opinion, of this court's (Judge Crawford, file no. 60 L 591) order dismissing petition for certiorari in Litowitz v. Dade County, 130 So. 2d 902. I therefore agree with Judge Crawford's decision that chapter 176, Florida Statutes, entitled "Municipal Zoning," interpreted in Josephson v. Autrey (Fla. Sup. Ct. 1957), 96 So. 2d 784, is not applicable to Dade County, and that one is not entitled to a trial de novo in order to review a Dade County zoning resolution. Rule 4.1, supra, provides review "by certiorari, as provided by the Florida Appellate Rules," i.e., rule 4.5. Here there was no record filed in accordance with rule 4.5c, and resolution no. 4927 attached to the petition supports the action taken therein.

It is impossible for this court to decide whether the issues or question in a zoning matter are "fairly debatable" unless the record of the zoning tribunal is here to be examined. Without it, a circuit judge cannot " . . . determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must be in accord with the essential requirements of the law." DeGroot v. Sheffield, supra; Rapid Delivery Service, Inc. v. Carter (Fla. Sup. Ct. 1960), 123 So. 2d 553, 554; and Connolly v. Connolly (Fla. Sup. Ct.), 86 So. 2d 167. As to the "fairly debatable" rule see Bessemer Properties, Inc. v. Miami Shores Village (Fla. App. 3d 1959), 110 So. 2d 87, 88, and cases cited.

It is not for the courts to legislate zoning, that is, to substitute their judgment for that of the zoning authorities, and it is feared there would be temptation to do so if we heard evidence (which is prohibited in certiorari proceedings, rule 4.5a(2), Florida Appellate Rules) offered in a trial de novo that might go beyond that contained in the record which we must and should review. It is only for the court to adjudicate whether the county commission has acted arbitrarily and capriciously in granting or denying a zoning matter. Although not directly in point, it is believed

that the restrictions on the court as emphasized in Broward County Rubbish Contractors Ass'n. v. Broward County (Fla. App. 2d 1959), 112 So. 2d 898, are generally if not more applicable to zoning cases where public hearings are held prior to county board action, than in the Broward non-zoning case.

There being no record filed pursuant to the requirements of rule 4.5c, Florida Appellate Rules, and none offered, and because I cannot hear evidence and then legislate, that is, substitute my judgment for that of a governing body of a political entity acting pursuant to its authority to zone, it is ordered that the petition for writ of certiorari is dismissed, with prejudice, at the cost of the petitioners, and the respondents go hence without day.