BARKDULL, THOMAS H., Associate Judge.
The appellant, plaintiff in the trial court, seeks review of an adverse final decree.
The plaintiff, as successor in interest to the owners of certain real property, sought to recover a beverage license which had been in use on the property. It appears, from the record, that plaintiff’s predecessor in title entered into a, 10 year lease with parties by the name of Keator, as lessees, wherein and whereby it was provided that the lessees would secure a certain alcoholic beverage license from the City of Fort Lauderdale and the Beverage Department of the State of Florida; that such license was obtained and used on the premises. Subsequently, the Keators negotiated a loan from the Fort Lauderdale National Bank and collateralized said loan by a pledge of the alcoholic beverage license. This loan and collateral pledge was entered into in April, 1960. Prior to execution of the loan, plaintiff’s predecessor in title became involved in bankruptcy proceedings and the Trustee in Bankruptcy took over the lessor’s interest in and to the lease of the premises. In January, 1961, the leasehold was terminated and the Trustee in Bankruptcy accepted the surrender of the premises, but made a demand on the Keators [as the lessees of the property] to surrender the beverage license to him in accordance [as he alleged] with certain provisions of the lease. Thereafter, in April, 1961, when the indebtedness to the bank became due, instead of satisfying the indebtedness directly the Keators transferred and assigned the beverage license to the bank. On May 29, 1961, the bank conveyed the beverage license involved to the ap-pellee, William Kimmerling, d/b/a Playmates, which transfer was subsequently approved by the Director of the State Beverage Department. Thereafter, the Trustee in Bankruptcy transferred all his right, title and interest in and to the premises in question and in and to the particular beverage license to the appellant and, in November, 1961, the instant action was instituted to secure ownership of the beverage license and the appellees to this cause were named as defendants in the trial court.
The action of the chancellor in rendering a final decree in favor of the ap-pellees was correct. It is apparent from the record [and the appellant concedes] that at the time the bank made the loan and received the collateral pledge of the beverage license it was unaware of any provisions in the lease which would have permitted the lessor [appellant’s predecessor in title] to make a claim on the beverage license. It was also conceded by the appellant that the appellee Kimmerling at no time prior to tire purchase of the beverage license from the bank [and the satisfaction of the Keators’ debt to the bank] was on notice that the appellant’s predecessor in title would have had any claim to the beverage license by virtue of the lease agreement, which was never recorded.
Counsel for the appellant has raised the question of the effect of § 561.32, Fla.Stat., F.S.A., on the transfer of the license to the bank. It would appear from previous decisions of the Supreme Court of this State [see: Dade County v. Overstreet, Fla.1952, 59 So.2d 862; Hunter v. Solomon, Fla.1954, 75 So.2d 803] that the judicial interpretation of the statute has not been to make any transfers void ab initio, but merely void at the election of the State Beverage Director in the event of some infirmity either in the proposed new location or proposed new owner. The State Beverage Director, in the instant case, has already approved the transfer of the license from the bank to the appellee Kimmerling, therefore impliedly approving the transfer to the bank in the first instance. The administrative agency charged with the responsibility of enforcing the beverage law having approved the transfer, under the circumstances of this cause it would ap *37 pear that the appropriate proceedings to review such approval would be through certiorari proceedings and not through collateral attack in an independent chancery proceeding. See: State Beverage Department of Florida v. Willis, 159 Fla. 698, 32 So.2d 580; Vocelle v. Maleszewski, 160 Fla. 291, 34 So.2d 436; § 561.29, Fla.Stat., F.S.A.
Therefore, for the reasons above set forth, the final decree rendered by the chancellor is affirmed.
Affirmed.
KANNER, Acting C. J., and BARNS, PAUL, Associate Judge, concur.