RAWLS, Judge.
Anson, the holder of a certificate of registration to practice architecture in Florida, seeks review of an order of the State Board of Architecture denying his second amended motion to dismiss the board’s administrative complaint seeking to revoke his certificate of registration.[1]
On May 1, 1974, Anson appeared involuntarily before an assistant state attorney in the Eleventh Judicial Circuit and, in exchange for immunity from prosecution, penalty or forfeiture, gave testimony concerning the same transaction, matter or thing as that upon which the board’s administrative complaint is based. Subsequent to being granted immunity pursuant to Section 914.-04, Florida Statutes, Anson gave testimony concerning his involvement in a fraudulent scheme to help cover up illegal payments to another architect from Cedars of Lebanon Hospital. Anson, in exchange for immunity from prosecution, penalty or forfeiture pursuant to Section 914.04, Florida Statutes, gave compelled testimony at the trial of other individuals charged by the state. In the administrative proceedings, the hearing officer, after reviewing the record and Supreme Court decisions hereinafter considered, recommended that the board’s complaint against Anson be dismissed with prejudice.[2] The board rejected the recommended order by denying the second amended motion to dismiss.
*387 In the case of Florida State Board of Architecture v. Seymour, 62 So.2d 1 (Fla.1952), the Supreme Court reviewed an analogous factual situation. Seymour, an architect, involuntarily testified in proceedings for bribery or conspiracy to bribe before the state attorney, grand jury, and at the trial of those charged. The board contended that the immunity statutes availed Seymour nothing because its proceedings were not of a criminal type but solely confined to the investigation of an architect’s alleged dishonest practices. In holding that the board’s proceedings were unauthorized, the Supreme Court held that a proceeding to revoke an architect’s certificate amounts to a prosecution to effect a penalty or forfeiture contemplated by the immunity statutes.
In 1969, the Supreme Court, in receding from Seymour, held in Headley v. Baron, 228 So.2d 281 (Fla.1969), that the Seymour ease was erroneous in that the immunity statutes did not prohibit disciplinary action by an administrative agency. But the judicial deliberations did not reach finality.
Lurie v. Florida State Board of Dentistry, 288 So.2d 223 (Fla.1973), was decided by the Supreme Court on October 10, 1973. After reviewing the Seymour and Headley decisions, Justice Ervin, speaking for the majority, stated:
“We have re-examined the cases of Headley v. Baron, supra, and Florida State Board of Architecture v. Seymour, supra, in the light of the circumstances of this case and also in the light of the weight of judicial authority throughout the nation on the question of citizens’ immunities from the imposition of penalties and forfeitures in administrative proceedings where they are compelled to testify before grand juries, prosecuting officers, or courts concerning matters or things which might incriminate them. We are convinced now this Court was in error in overruling Florida State Board of Architecture v. Seymour, supra. See 9 Fla. Jur., Criminal Law § 276; 1 Fla.Jur., Administrative Law and Procedure § 82, and 68 A.L.R. 1503; 2 Am. Jur .2d Administrative Law §§ 267, 268, 269. Compare Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787, reh. den., 335 U.S. 836, 69 S.Ct. 9, 93 L.Ed. 388; Smith v. United States, 337 U.S. 137, 69 S.Ct. 1000, 93 L.Ed. 1264, annotation; Englander v. State (Fla.), 246 So.2d 746, and Lefkowitz v. Turley, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274. Opinion filed November 19, 1973.”
Pursuant to Florida State Board of Architecture v. Seymour, supra, and Lurie v. Florida State Board of Dentistry, supra, the petition for review is granted and the cause remanded with directions that Respondent, Florida State Board of Architecture, enter an order dismissing the instant proceeding with prejudice.
McCORD, C. J., and SMITH, J, concur.

. Anson’s pleading is entitled: “Petition for Review of Final Agency Action . . and in the Alternative, Petition for Writ of Prohibition”. A denial of a motion to dismiss does not constitute final agency action. However, we determine that the record in this cause mandates an interlocutory review as contemplated by the provisions of Section 120.68(1), Florida Statutes, viz: .A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.”

. The record also reflects a letter from the board’s attorney to the members concluding: “Based upon the foregoing and my analysis of the applicable case law it is my opinion that if we brought disciplinary action against Anson he would be able to obtain a Court Order to prevent us from proceeding further, therefore, it would be my recommendation that no formal action be taken by the Board.”