THREADGILL, Judge.
Kemmons Wilson, Inc., d/b/a Ridgewood Homesites, appeals the dismissal with prejudice of its complaint against Atlantic Utilities of Sarasota, Inc. (Atlantic) and Sarasota County, Florida. We affirm the order as to Sarasota County, but reverse as to Atlantic.
Kemmons Wilson is the successor by merger of Ridgewood Homesites, Inc. and Atlantic Utilities is the successor in interest to Southern Gulf Utilities. In 1960, these original parties entered into an agreement by which Southern Gulf agreed to furnish water and sewage service to Ridgewood property. In exchange for certain benefits from Southern Gulf, a Ridgewood subsidiary withdrew a previously submitted application for a water and sewage franchise covering the Ridgewood property. The Agreement and subsequent modifications, properly recorded, specifically limited Southern Gulf’s right to assess certain hookup fees against Ridgewood. These rights and obligations were subsequently assigned to Atlantic. Pursuant to the initial agreement, a provision of the Service Availability Policy subsequently adopted by Atlantic, and the course of dealing, no attempt was made to assess or collect service availability charges from Kemmons Wilson prior to January 1, 1987.
In April 1986, Atlantic applied to the Sarasota Board of County Commissioners for a rate adjustment. Hearings were held on the application, and in September the Board granted interim rate relief. Kem-mons Wilson contends that nothing in these proceedings could have alerted it to proposed changes in the service availability policy or that its contractual exemptions from hookup charges were subject to change. In October, Atlantic filed proposed changes in its Service Availability Policy as part of the final rate review process. The local newspaper published notice of public hearings to consider the matter of Atlantic Utilities’ requests for adjustment of customer rates, fees charges, rules, regulations and service availability policy. Kemmons Wilson received no other notice and did not attend the hearing.
In January 1987 Kemmons Wilson was informed by letter from Atlantic of the adoption of Resolution 86-546 by Sarasota Board of County Commissioners which exempted properly recorded contractual agreements from the rate request, “except that any and all capacity fees, tap fees, meter installation fees, guarantee Revenue Charges, Inspection Fees and all other fees and charges authorized by the commission and included in Service Company’s approved tariff shall apply to said properties and shall be paid ...” prior to services being rendered.
On January 21, 1987 Kemmons Wilson filed a four-count complaint against Atlantic and Sarasota County seeking specific performance of the service agreement, damages for breach of contract, a declaration of rights under Chapter 86 and injunc-tive relief to prevent operation of resolution 86-546 adopted by the Board of County Commissioners.
Both Atlantic and Sarasota County moved to dismiss, on grounds (1) that Kem-mons Wilson was not entitled to bring an independent action collaterally attacking the county’s rate order; (2) that since the action of Sarasota County was quasi-judicial, judicial review was available only by discretionary writ of certiorari and the period for timely filing of a petition for certio-rari had expired; (3) that the rate order of Sarasota County had met due process requirements; (4) that the doctrine of preemption precluded subject matter jurisdiction in the circuit court. Sarasota County also alleged failure to state a cause of action. The court granted the motions to dismiss because Kemmons Wilson failed to seek timely review of the County Commission’s action by writ of certiorari. Notice of appeal was timely filed.
We find no error in the trial court’s order dismissing the complaint with prejudice as to Sarasota County. The court properly concluded that the action of the Board of County Commissioners was quasi-judicial and subject to review only by certiorari. Teston v. City of Tampa, 143 So.2d 473 (Fla.1962). Ronta, Inc. v. City of Fort Lauderdale, 153 So.2d 35 (Fla. 2d *635 DCA 1963). See also Vocelle v. Maleszewski, 160 Fla. 291, 34 So.2d 436 (Fla.1948); State Beverage Department v. Willis, 159 Fla. 698, 32 So.2d 580 (Fla.1947). The trial court correctly considered the complaint against Sarasota County as a petition for certiorari and it was properly dismissed as untimely filed. See Section 59.081, Fla. Stat. (1985); Rule 9.100(c), Fla.R.App.P.; Grady v. Lee County, 458 So.2d 1211 (Fla. 2d DCA 1984).
We find, however, that the court erred in dismissing the complaint against Atlantic for lack of jurisdiction. The complaint alleged a valid contract with Atlantic, and that the initial breach occurred when Atlantic petitioned the county to adopt a resolution effectively negating important contract rights. Kemmons Wilson should not be precluded from pursuing its cause of action against Atlantic merely because it collaterally attacked a county ordinance in the same action. See Winter Springs Development Corp. v. Florida Power Corp., 402 So.2d 1225 (Fla. 5th DCA 1981). Atlantic may well defend based on actions of the Sarasota Board of County Commissioners, or the county action may support a motion to dismiss for failure to state a cause of action, but we do not find that the county action divests the court of jurisdiction over the claims against Atlantic. Therefore, we reinstate the complaint as it relates to Atlantic and remand for the trial court to determine if a cause of action is stated. Should the court determine that no cause of action has been stated, the complaint should be dismissed with leave to amend. The dismissal as to Sarasota County is affirmed.
Reversed in part, affirmed in part.
SCHEB, A.C.J., and CAMPBELL, J., concur.